2016 IL App (2d) 150040
No. 2-15-0040
Opinion filed March 23, 2016

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 09-CH-4410 |
| SYEDA NAZIA RAHMAN, | ) ) ) | |
| Defendant-Appellant and Cross- Appellee | ) ) ) | |
| (Edward Hines Lumber Company; Hinsdale Developers, Inc.; VG Masonry Company, Inc.; Southwest Insulation, Inc.; Complete Flashings, Inc.; J.J. McIlwee Company; Comex Construction Company; Signature Stairs of D and D Woodworking, Inc.; and Unknown Owners and Nonrecord Claimants, Defendants; John Baderman and Catherine Baderman, Third-Party Purchasers-Appellees and Cross-Appellants). | ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Robert G. Gibson, Judge, Presiding. |

_____

JUSTICE SPENCE delivered the judgment of the court, with opinion.
Justices McLaren and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1    This appeal concerns whether defendant, Syeda Nazia Rahman, was properly served and,

if she was not, whether she could obtain relief.

¶ 2    Plaintiff, U.S. Bank National Association (U.S. Bank), filed a complaint to foreclose a mortgage against, *inter alios*, defendant.  U.S. Bank issued summonses for defendant and attempted service at two listed addresses.

¶ 3    After defendant did not appear, U.S. Bank moved for a default judgment.  The court granted the motion and entered a default judgment of foreclosure and sale.  U.S. Bank subsequently sold the foreclosed property at a sheriff's sale, and the court confirmed the report of sale.

¶ 4    More than two years after the sale, defendant filed a petition to quash service of process because she had been improperly served by a special process server in Cook County in violation of section 2-202(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-202(a) (West 2008)). The court found that service had been improper under section 2-202(a), the court had lacked personal jurisdiction over defendant, and the default judgment was void.  However, it also found that the property rights of Catherine and John Baderman, the third-party purchasers of the property, were protected by section 2-1401(e) of the Code (735 ILCS 5/2-1401(e) (West 2014)), because no jurisdictional defect affirmatively appeared on the face of the record.

¶ 5    Defendant appeals, and the Badermans cross-appeal.  We affirm.

¶ 6                                  I. BACKGROUND

¶ 7     U.S. Bank filed its complaint to foreclose a residential mortgage against defendant on September 29, 2009.  U.S. Bank was represented by Pierce & Associates, P.C.  Defendant agreed to the subject mortgage on July 30, 2007, and executed an accompanying note, promising to repay $1,496,000, plus interest.  The subject property was commonly known as 612 North Jefferson Street, Hinsdale, Illinois, 60521 (Subject Property).

¶ 8    U.S. Bank issued four summonses for this case on September 29, 2009.  The summonses

each included a service list containing 11 addresses, 2 of which were defendant's addresses. Defendant's addresses were at the Subject Property and at 827 Kensington Lane in Hanover Park (Hanover Park Address). The second, third, and fourth summonses were identical to the first, except that they were marked by a handwritten "duplicate 1," "duplicate 2," and "duplicate 3," respectively. The service list attached to each duplicate summons was the same as that for the original summons, but different addresses were crossed off (but still legible) on each list.

¶ 9 Every address on the service lists was marked with one of the following designations: DU, DS1, DS2, or DS3. On the service list accompanying the original summons, six addresses were crossed off, and the remaining five addresses were marked DU. On the service list accompanying the duplicate 1 summons, seven addresses were crossed out, and the remaining four addresses were marked DS1. On the service list accompanying the duplicate 2 summons, 10 addresses were crossed out, and the last address was marked DS2. Following the pattern here, on the service list for the duplicate 3 summons, 10 addresses were crossed off and the remaining address was marked DS3.

¶ 10 Pierce & Associates employed ProVest, LLC, as a special process server. Pamela Thornburg, a ProVest employee, averred that she served defendant at 318 Veronica Circle in Bartlett on October 4, 2009 (Bartlett Address). Thornburg separately averred that she also served defendant at the Hanover Park Address on October 7.

¶ 11 On December 10, 2009, U.S. Bank moved for summary judgment, a default judgment of foreclosure and sale, and appointment of a foreclosure sale officer. Pierce & Associates certified that it served notice of the motion on defendant via United States mail at the Subject Property and the Hanover Park Address. The cause was continued on U.S. Bank's request until July 13, 2010.

¶ 12 On July 13, 2010, the court entered an order of default against, *inter alios*, defendant, for failure to appear or plead. The court further entered a judgment of foreclosure and sale. The Subject Property was sold via a sheriff's sale on January 26, 2012. On February 15, 2012, the court approved and confirmed the report of sale and ordered that the sheriff evict defendant from the Subject Property. The Badermans eventually purchased the Subject Property, obtaining the deed on December 27, 2012.

¶ 13 On September 4, 2014, defendant filed a petition to quash service of process pursuant to sections 2-301 and 2-1401(f) of the Code (735 ILCS 5/2-301, 2-1401(f) (West 2014)) and a motion to dismiss the case under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) because U.S. Bank failed to exercise due diligence in obtaining service. U.S. Bank responded with three arguments against the petition to quash: first, that service was proper; second, that Cook County General Administrative Order 2007-03 (GAO 2007-03) allowed the service in that it permitted a law firm to move for a standing order to appoint a special process server for a term of three months, which Pierce & Associates had done; and third, that defendant failed to present any meritorious claims or defenses and failed to demonstrate due diligence in pursuing any claim or defense.

¶ 14 On November 24, 2014, the court held a hearing on defendant's petition to quash service of process. Also on November 24, 2014, counsel for the Badermans filed an appearance.

¶ 15 At the hearing, the court first summarized the proceedings. It recounted that defendant was served twice: once at the Bartlett Address and once at the Hanover Park Address. She was served on both occasions by Thornburg. A judgment of foreclosure and sale was entered July 13, 2010, in the amount of $1,745,283.22. The Subject Property was sold at the subsequent sheriff's sale for $1,112,500, creating a deficiency of more than $886,000. However, U.S. Bank

did not seek a personal deficiency judgment, and the court entered only an *in rem* judgment.

¶ 16    Regarding defendant's petition to quash service, the trial court reasoned as follows.  First, it cited section 2-202(a) of the Code (735 ILCS 5/2-202(a) (West 2008)), which requires that service in Cook County be effected by the Cook County sheriff unless the plaintiff seeks leave to appoint a special process server.  Here, the sheriff did not serve defendant, nor did the court appoint a special process server.  The court noted that service by an unauthorized process server was not good service.

¶ 17    Next, addressing U.S. Bank's second argument, it reasoned that GAO 2007-03 was effective in Cook County but was not binding on Du Page County courts.  Addressing U.S. Bank's third argument, the court relied on *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95 (2002), and stated that an allegation of voidness made it unnecessary to allege facts constituting a meritorious defense or due diligence.  Rather, *Sarkissian* required strict compliance with the statutes governing service of process before a court would acquire personal jurisdiction over defendant.  Therefore, it granted defendant's petition to quash service.

¶ 18    Consequently, the court vacated the foreclosure judgment, the sheriff's sale, and the order approving the sale.  However, the court denied the motion to dismiss the case for U.S. Bank's lack of due diligence in compliance with Illinois Supreme Court Rule 103(b), because U.S. Bank promptly served defendant twice and merely lacked prudence in failing to obtain the appointment of a special process server.

¶ 19    The court continued that, where an underlying judgment is void but the lack of jurisdiction did not affirmatively appear on the record when the judgment was entered, the subsequent vacation of the judgment does not affect any right, title, or interest in any real property acquired by third parties, pursuant to section 2-1401(e) of the Code (735 ILCS 5/2-

1401(e) (West 2014)). The court reasoned that here the lack of jurisdiction did not affirmatively appear on the record. Both the Hanover Park and Bartlett addresses, where defendant was served, had portions in both Du Page and Cook counties. Therefore, external materials would have been necessary to determine whether service occurred in Cook or Du Page County. Supporting the court's reasoning was the fact that defendant had to attach to her petition a printout showing that the addresses where service occurred were in Cook County. Therefore, the court did not see what defendant hoped to accomplish, because the only possible outcome was that U.S. Bank would seek a personal deficiency judgment of around $886,000 against her.

¶ 20    Defendant filed a late notice of appeal, which we allowed on January 28, 2015.

¶ 21                              II. ANALYSIS

¶ 22    On appeal, defendant argues that section 2-1401(e) did not apply because (1) the trial court's lack of jurisdiction was apparent on the face of the record, and (2) the Badermans were not *bona fide* purchasers. We address each argument in turn.

¶ 23                              A. Jurisdiction

¶ 24    Defendant argues that the court lacked jurisdiction over her and that the lack of jurisdiction was apparent on the face of the record. An order, judgment, or decree entered by a court without jurisdiction of the subject matter or the parties is void and may be attacked, directly or indirectly, in any court at any time. *Sarkissian*, 201 Ill. 2d at 103. Personal jurisdiction must be established with service of process or voluntary submission to the court's jurisdiction. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 18. Strict compliance with the statutes governing service of process is necessary. *Sarkissian*, 201 Ill. 2d at 109. Accordingly, a judgment rendered without voluntary submission or service of process in strict compliance with statutory authority is void regardless of whether the defendant had actual

knowledge of the proceedings. See *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986).

¶ 25    A petitioner may attack a judgment as void in a section 2-1401 petition. *Sarkissian*, 201 Ill. 2d at 105 (a petition seeking relief from a void judgment is a section 2-1401 petition). Typically, relief under section 2-1401 requires that a petitioner file, between 30 days and 2 years after the entry of the judgment, a petition showing: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting the defense or claim; and (3) due diligence in filing the petition. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). However, a petition attacking a judgment as void is not subject to those requirements. *In re Estate of Barth*, 339 Ill. App. 3d 651, 663 (2003); see 735 ILCS 5/2-1401(f) (West 2014).

¶ 26    However, even if the judgment is void for lack of jurisdiction, section 2-1401(e) may protect a *bona fide* purchaser for value. *In re Application of the County Collector*, 397 Ill. App. 3d 535, 549 (2009). Section 2-1401(e) embodies the public policy respecting third-party purchasers of property and protecting them from the effects of an order setting aside a judgment affecting title to property. *Christiansen v. Saylor*, 297 Ill. App. 3d 719, 724 (1998). In particular, section 2-1401(e) protects a *bona fide* purchaser's interest in real property where the defect in service is not apparent from the record and the *bona fide* purchaser was not a party to the original action but acquired title before the filing of the petition. *Id.*; *City of Rockford v. Lemar*, 157 Ill. App. 3d 350, 352-53 (1987).

¶ 27    In determining whether a lack of jurisdiction is apparent from the record, we look at the whole record, including the pleadings, the return of process, and the judgment of the trial court. *Concord Air, Inc. v. Malarz*, 2015 IL App (2d) 140639, ¶ 33. A lack of jurisdiction is apparent from the record if it does not require inquiry beyond the face of the record. See *Thill*, 113 Ill. 2d

at 314. Here, we review *de novo* defendant's section 2-1401 claim because it is a purely legal claim challenging a final judgment as void. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 47.

¶ 28 Defendant argues that the lack of jurisdiction was apparent on the face of the record, citing section 2-202(a) of the Code (735 ILCS 5/2-202(a) (West 2008)), which governs service of summons. Section 2-202(a) provided, in pertinent part, that service in a county with a population of 1 million or more required a court-appointed special process server if service was not provided by a sheriff.[1] *Id.* Here, U.S. Bank served defendant via a special process server, but the record contains no order appointing a special process server. Defendant argues that such an order was necessary pursuant to section 2-202(a) of the Code because service occurred in Cook County, which had a population of 1 million or more. Defendant also points to the designations on the service lists—DU, DS1, DS2, and DS3—to argue that U.S. Bank knew that certain addresses were outside of Du Page County. Defendant argues that DU stood for Du Page and that DS1, DS2, and DS3 stood for addresses outside of Du Page. Therefore, defendant asserts, the record was clear that U.S. Bank served her in Cook County in contravention of section 2-202(a).

¶ 29 The Badermans respond that service was proper and that, in any event, the claimed jurisdictional defect did not affirmatively appear on the face of the record. First, they argue that service was proper because the relevant county under section 2-202(a) was the county in which the case was pending, that is, Du Page County. They cite *Schorsch v. Fireside Chrysler-*

---

[1] We note that in 2010 the legislature amended section 2-202(a) to allow special service without a court appointment in a county with a population of less than 2 million. Pub. Act 96-1451 § 5 (eff. Aug. 20, 2010) (amending 735 ILCS 5/2-202(a) (West 2008)).

*Plymouth, Mazda, Inc.*, 172 Ill. App. 3d 993, 996-98 (1988), and attack its holding that the county of service, not the venue of the case, is the relevant county for purposes of section 2-202(a). They argue that the *Schorsch* holding "does not necessarily follow from the authority cited," including historical notes and legislative debates.

¶ 30    Moreover, the Badermans refer us to the standing order, filed in Cook County chancery court, that permitted ProVest to serve process for Pierce & Associates for a period of three months, including October 2009. Therefore, they argue, service on defendant in Cook County was authorized by a court order and did not violate section 2-202(a).

¶ 31    The Badermans continue that, even if there was a jurisdictional defect, it was not apparent on the face of the record. They argue that there are two kinds of jurisdictional defects: those apparent on the face of the record and those not apparent. They argue that an example of an apparent defect occurred in *Malarz*, 2015 IL App (2d) 140639, ¶ 44, where service by publication was improper. There, service was attempted on the wrong person at the wrong address, with the defect evident from the materials filed along with the plaintiff's affidavit of nonservice. *Id.* However, the defect is not always apparent from the record, and section 2-1401(e) requires that the defect "affirmatively" appear from the record. Here, the Badermans argue that, unlike in *Malarz*, no defect affirmatively appeared on the face of the record. In particular, they argue that service by a duplicate summons did not affirmatively show that service was made in Cook County.

¶ 32    Defendant replies that section 2-202(a) of the Code was unambiguous in stating that serving summons in a county with a population of 1 million people or more via a special process server required leave of court, and U.S. Bank did not seek leave of court.

¶ 33    We agree with defendant that the service of process was improper—and that thus the trial court lacked personal jurisdiction over her—but we agree with the Badermans that the lack of jurisdiction did not affirmatively appear on the face of the record.   First, the service was improper with respect to defendant.   Service was made via special process server at the Bartlett and Hanover Park addresses.   These addresses were located in Cook County, which had a population of 1 million or more.   See *People ex rel. County of Du Page v. Smith*, 21 Ill. 2d 572, 579 (1961) (taking judicial notice of the population of Cook County).   Pursuant to section 2-202(a) of the Code (735 ILCS 5/2-202(a) (West 2008)), process could be served by a special process server, but in a county with a population of 1 million or more, the special process server must have first been appointed by the court.   See *West Suburban Bank v. Advantage Financial Partners, LLC*, 2014 IL App (2d) 131146, ¶ 15.   Here, U.S. Bank did not seek the appointment of a special process server.   However, the Badermans argue that service was proper because the relevant county for purposes of section 2-202(a) is the county in which the case is pending, not the county where service is processed.

¶ 34    We reject the Badermans' invitation to reinterpret section 2-202(a) to hold that the relevant county is the county in which the case is pending.   The Badermans' disagreement with *Schorsch* is misplaced.   *Schorsch* rightly held that, under the plain language of section 2-202(a), service by a special process server was authorized without a court appointment only in a county with a population of less than 1 million.   Section 2-202(a) provided that "[i]n counties with a population of less than 1,000,000, process may be served, without special appointment," by certain licensed or registered persons.   735 ILCS 5/2-202(a) (West 2008).   The plain language of the statute was clearly concerned with where the service takes place—"In counties with a population of less than 1,000,000"—not where the case is pending.   There was no reference in

section 2-202(a) to the county in which the case is pending. Other appellate courts have cited *Schorsch*'s interpretation approvingly. See *Malarz*, 2015 IL App (2d) 140639, ¶ 39; *C.T.A.S.S.&U. Federal Credit Union v. Johnson*, 383 Ill. App. 3d 909, 912 (2008) (section 2-202 requires that a private detective serving process in Cook County be appointed by the trial court). While *Schorsch* referenced historical notes and legislative debates outside of the language of the statute to bolster its interpretation, these references were not essential to its holding based on the plain language of the statute. Accordingly, we reject the Badermans' argument that we should revisit *Schorsch* and hold that the relevant county under section 2-202(a) is the county in which the case is pending.

¶ 35 We further reject that the standing order appointing ProVest as Pierce & Associates' special process server, issued by a Cook County circuit court pursuant to GAO 2007-03, made service proper. The standing order appointing ProVest was for "cases filed by *** Pierce & Associates, P.C. in the Mortgage Foreclosure Section of the Chancery Division pursuant to 735 ILCS 5/2-202." The standing order's clear language indicates that the order applied only to cases filed in Cook County chancery court. This echoes the language of GAO 2007-03, which provided that law firms handling mortgage foreclosure cases in the Cook County chancery division may move for standing orders for the appointment of designated special process servers. *Sewickley, LLC v. Chicago Title Land Trust Co.*, 2012 IL App (1st) 112977, ¶ 20. GAO 2007-03 provided, in pertinent part:

> " 'Because of the increase in mortgage foreclosure filings and insufficient resources allocated to the Chancery Division's Clerk's Office, the Clerk of the Court has been unable to process promptly Motions for Appointment of Special Process Servers and Orders Appointing Special Process Servers.' " *Id.* (quoting GAO 2007-03).

The purpose of GAO 2007-03 was to alleviate a problem particular to Cook County—that is, the efficient appointment of special process servers in Cook County chancery court. Therefore, unlike section 2-202(a) as properly interpreted, GAO 2007-03 was concerned with the county in which the case was pending: Cook County. Because this case originated in Du Page County, GAO 2007-03 was inapplicable, and the trial court rightly found that it was not binding on the Du Page County circuit court.

¶ 36    We conclude that service of process was improper and that therefore the trial court lacked personal jurisdiction over defendant and the judgment was void. *Thill*, 113 Ill. 2d at 308. Nevertheless, section 2-1401(e) protects third-party purchasers if the jurisdictional defect does not affirmatively appear on the face of the record.

¶ 37    Here, defendant argues that the jurisdictional defect affirmatively appeared on the face of the record. She argues that the summonses and accompanying service lists were sufficient to put the Badermans on notice that service by a special process server would have required a court order. In support, defendant references the abbreviations on the summonses: DU, DS1, DS2, and DS3. Defendant argues that DU indicates service within Du Page County and that DS1, DS2, and DS3 indicate service outside of Du Page County. Furthermore, defendant argues that she was first served not at the Subject Property but instead at the Bartlett Address, which was outside of Du Page County.

¶ 38    We disagree with defendant. A review of the summonses and their attached service lists logically implies that DS1 stands for "duplicate summons 1," DS2 for "duplicate summons 2," and DS3 for "duplicate summons 3." The service list attached to duplicate summons 1 has all addresses crossed off except those marked DS1. Likewise, the lists attached to duplicate summonses 2 and 3 have all addresses crossed off except those marked DS2 and DS3,

respectively. At the very least, nothing on the summonses or the corresponding service lists shows that DS1, DS2, and DS3 necessarily designated summonses to be served outside of Du Page County. Therefore, we reject defendant's argument that the summonses demonstrate that service took place outside of Du Page County.

¶ 39    Nor do the affidavits of service affirmatively show that service took place in Cook County. Thornburg provided affidavits of service on defendant at the Bartlett Address and the Hanover Park Address.[2] Like with the summonses, it was impossible to determine in which county service occurred from the face of the affidavits—outside materials were necessary. Therefore, we cannot say that the jurisdictional defect affirmatively appeared on the face of the record.

¶ 40                           B. *Bona Fide* Purchasers

¶ 41    Defendant also argues that the Badermans have not proved that they were *bona fide* purchasers for purposes of section 2-1401(e). Section 2-1401(e) has been interpreted by Illinois courts as intending to protect *bona fide* purchasers for value. *Mortgage Electronic Systems v. Gipson*, 379 Ill. App. 3d 622, 633 (2008). A purchaser is not a *bona fide* purchaser if he or she had constructive notice of an outstanding title or right of another party. *Bank of New York v. Unknown Heirs & Legatees*, 369 Ill. App. 3d 472, 477 (2006).

¶ 42    Here, defendant argues that, because the lack of jurisdiction was apparent on the face of the record, the Badermans had constructive notice of her outstanding right and title to the Subject

_____

[2] There was also an affidavit of nonservice, provided by Michael Menichini, for defendant at 612 N. Jefferson Street, Hinsdale, Du Page County. Service was not completed because the home was vacant, the utilities were not on, and the white pickup truck in the driveway had no license plates.

Property. However, we have already rejected that the lack of jurisdiction was apparent on the face of the record. Contrary to defendant's argument, a simple review of the record would not have revealed a jurisdictional defect. As discussed *supra*, neither the service lists nor the affidavits of service affirmatively demonstrated a lack of jurisdiction. Rather, the service lists and affidavits of service would lead a reasonably prudent purchaser to conclude that service took place in Du Page County, thereby permitting service by a special process server without an appointment by the court. Accordingly, we find that there is no basis in the record to conclude that the Badermans were anything but *bona fide* purchasers under section 2-1401(e). Therefore, section 2-1401(e) protected their rights in the Subject Property despite the jurisdictional defect.

¶ 43                    C. The Badermans' Remaining Arguments

¶ 44    The Badermans argue that defendant's petition should have been barred by *laches*. *Laches* is an affirmative defense, equitable in nature, and it requires the party raising it to show that there was unreasonable delay in bringing an action and that the delay caused prejudice. *Hynes v. Snyder*, 355 Ill. App. 3d 394, 398 (2005). Defendant argues that *laches* is inapplicable when a judgment is void, because a void judgment may be attacked at any time. Moreover, the Badermans did not raise the issue below—although they argue that they did not have time to do so. We need not reach these arguments. The issue is moot because we have already determined that section 2-1401(e) of the Code protects the Badermans' rights in the Subject Property, regardless of defendant's petition to quash service.

¶ 45    Likewise, we need not address the Badermans' argument that defendant's petition was barred by section 30 of the Conveyances Act (765 ILCS 5/30 (West 2014)), because we have already held that their rights in the Subject Property were protected under section 2-1401(e) of the Code.

¶ 46 Finally, we decline the Badermans' invitation to revisit *Sarkissian* and *Thill* in light of Justice Birkett's special concurrence in *West Suburban Bank*, 2014 IL App (2d) 131146. We are bound to follow our supreme court's precedent (*Rosewood Care Center, Inc. v. Caterpillar, Inc.*, 366 Ill. App. 3d 730, 734 (2006)), and, in any event, we have already ruled in the Badermans' favor.

¶ 47                                III. CONCLUSION

¶ 48 Service of process was defective, rendering the judgment against defendant void. Nevertheless, section 2-1401(e) protected the Badermans' rights in the Subject Property. Therefore, we affirm the judgment of the Du Page County circuit court.

¶ 49 Affirmed.