2020 IL App (2d) 190522
No. 2-19-0522
Opinion filed June 15, 2020

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | |
|---|---|
| BANKUNITED, NATIONAL ASSOCIATION,) Appeal from the Circuit Court as Successor in Interest from BankUnited, FSB, ) of Du Page County. | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) No. 10-CH-4125 | |
| ) | |
| SCOTT D. GIUSTI; VENTURA 21, INC.; ) UNKNOWN HEIRS AND LEGATEES OF ) SCOTT D. GIUSTI, If Any; UNKNOWN ) OWNERS; and NONRECORD CLAIMANTS, ) | |
| ) | |
| Defendants ) | |
| ) | |
| (Scott D. Giusti, Defendant-Appellant; ) Honorable | |
| Raavi, Inc. and West Town Bank & Trust, ) James D. Orel, | |
| Section 2-1401 Respondents-Appellees). ) Judge, Presiding. | |

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Zenoff and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1 This case concerns whether defendant, Scott D. Giusti, was properly served and, if he were not, whether he could obtain the relief he sought. Plaintiff, BankUnited National Association (BankUnited), successor in interest from BankUnited, FSB, filed a complaint to foreclose a mortgage against, *inter alios*, defendant. Defendant does not contend that he was not actually served. After defendant failed to appear, BankUnited moved for a default judgment. The court

granted the motion and entered a default judgment of foreclosure and sale. BankUnited subsequently bought the foreclosed property at a sheriff's sale, and the court confirmed the report of sale. Shortly thereafter, Raavi, Inc. (Raavi), purchased the property from BankUnited.

¶ 2 More than seven years after the sale to Raavi, defendant filed a "Petition for Relief from Void Judgments," arguing that the trial court did not obtain personal jurisdiction, because he had been served in Cook County without a court-appointed special-process server to serve in Cook County. Defendant also argued lack of personal jurisdiction because the summons did not identify defendant as "a defendant" and the summons was not "directed to anyone." The court determined that Raavi's property rights were protected by section 2-1401(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(e) (West 2018)), because no jurisdictional defect appeared on the face of the record. Therefore, the court dismissed defendant's petition.

¶ 3    Defendant appeals, and we affirm.

¶ 4                              I. BACKGROUND

¶ 5    On July 23, 2010, BankUnited filed the foreclosure complaint against defendant.     The property was commonly known as 646 Forum Drive, Roselle, Illinois, 60172. BankUnited issued summons for defendant. The summons was on a form provided by Du Page County. The case caption on the summons states "BankUnited, FSB v. Scott D. Giusti, *et al.*" A fifth page attached to the summons directed the summons be served on "Scott D. Giusti" at the address that was subject to foreclosure. Service was attempted at that address but the property was vacant. On August 2, 2010, David Dahl, an employee of Firefly Legal, Inc., served defendant by substitute service on his son at 766 Stonewall Court, Schaumburg, Illinois, 60173. BankUnited named defendant in the complaint.

¶ 6 On November 23, 2010, the trial court entered a default judgment and judgment of foreclosure against defendant. In March 2011, the property was sold at a sheriff's sale to BankUnited, and the court approved and confirmed the report of sale. On March 31, 2011, the Sheriff of Du Page County issued BankUnited a sheriff's deed that was recorded in the Du Page County recorder of deeds office. BankUnited issued Raavi a special warranty deed that was recorded on July 25, 2011, followed on September 2, 2011, by a mortgage Raavi granted to West Town Savings Bank (West Town).

¶ 7 More than eight years after defendant was served and more than seven years after Raavi took title to the property, on September 14, 2018, defendant filed his petition to vacate the judgment of foreclosure and sale, pursuant to section 2-1401(f) of the Code (*id.* § 2-1401(f)). Defendant argued that the judgments were void because

> "[t]he Court did not acquire personal jurisdiction over [him] because [he] was served in Cook County, Illinois and the Circuit Court did not appoint a special process server to serve process in Cook County. Additionally, the Summons did not identify [defendant] as a defendant and was not directed to anyone. [Further,] the lack of jurisdiction was apparent on the face of the record."

¶ 8 Defendant asked the court to, *inter alia*, (1) quash service for defendant; (2) vacate all orders and judgments entered in the case as void *ab initio*; (3) find that the lack of personal jurisdiction was apparent on the face of the record; (4) find that defendant was the owner of the property; (5) grant him possession of the property and restitution from BankUnited and Raavi for the use and occupancy of the property or, if possession could not be restored to defendant, restitution for the value of the property on the date "this petition is granted," plus the value of the use and occupancy of the property from April 14, 2011, through the date restitution is paid; and

(6) grant him restitution of all profits derived from the property from BankUnited, Raavi, and West Town.

¶ 9 On December 4, 2018, Raavi filed a motion to dismiss pursuant to section 2-619.1 of the Code (*id.* § 2-619.1), arguing that defendant's petition was barred and should be dismissed pursuant to section 2-619 of the Code (*id.* § 2-619) (1) by the *bona fide*-purchaser protections of section 2-1401(e) of the Code, (2) by the recently amended section 2-1401(e) that bars the possessory relief sought by defendant, (3) by the doctrine of *laches*, (4) by section 13-109 of the Code, which bars defendant's claims to the premises as time-barred, and (5) because the summons was jurisdictionally sufficient. Raavi also argued that defendant's petition should be dismissed pursuant to section 2-615 of the Code (*id.* § 2-615) because the petition sought improper relief. Raavi attached to its motion, *inter alia*, the summons and the affidavits of the special process server. Later, the trial court granted West Town's motion to join Raavi's motion to dismiss.

¶ 10 On May 21, 2019, the trial court granted Raavi and West Town's motion to dismiss. As to Raavi, the court stated that the protections afforded in section 2-1401(e) to *bona fide* purchasers bar defendant's petition "because the lack of jurisdiction is not on the face of the record because of [*U.S. Bank National Ass'n v.*] *Rahman*[, 2016 IL App (2d) 150040,] and" part of Schaumburg is in Du Page County. The court also dismissed defendant's petition against Raavi based on adverse possession, pursuant to section 13-109, because *laches* applied, and because the relief sought by defendant (restitution and occupancy) was not supported by law. The court dismissed defendant's petition against West Town based only on *laches*.

¶ 11 Defendant filed his notice of appeal on June 19, 2019.

¶ 12                                    II. ANALYSIS

¶ 13                                 A. Standard of Review

¶ 14 Defendant appeals the dismissal of his petition. For the following reasons, we conclude that dismissal was proper under section 2-619(a)(9) of the Code, which permits dismissal of an action where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." *Id.* § 2-619(a)(9). We review *de novo* the dismissal of a complaint pursuant to section 2-619(a)(9). *McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL 123626, ¶ 17. We also review *de novo* a judgment on a section 2-1401 petition claiming voidness due to a lack of personal jurisdiction. *Deutsche Bank National Trust Co. v. Hall-Pilate*, 2011 IL App (1st) 102632, ¶ 12. We may affirm on any basis appearing in the record, regardless of whether the trial court relied on that basis or its reasoning was correct. *Taylor, Bean, & Whitaker Mortgage Corp. v. Cocroft*, 2018 IL App (1st) 170969, ¶ 60.

¶ 15                                B. Personal Jurisdiction

¶ 16 Defendant argues that the foreclosure court lacked personal jurisdiction over him, and the trial court erred by dismissing his petition to vacate. Defendant contends that the summons issued against him was "facially noncompliant" with section 2-201(a) of the Code (735 ILCS 5/2-201(a) (West 2010)) and Illinois Supreme Court Rule 101(a) (eff. May 30, 2008) because the summons did not identify defendant as "Defendant." Defendant also contends that he was served by an unauthorized person, pursuant to section 2-202(a) of the Code (735 ILCS 5/2-202(a) (West 2010)) and that the special process server's affidavit that shows the zip code 60173 indicates on the face of the record a failure to comply with section 202(a). Therefore, according to defendant, section 2-1401(e)'s *bona fide*-purchaser protections do not apply.

¶ 17 Where, as here, a voidness challenge is brought more than 30 days after a default judgment, it may be considered under section 2-1401. See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104-05 (2002). Further, a petition brought on voidness grounds is not subject to the

time, due-diligence, or meritorious-defense requirements applicable to other section 2-1401 petitions. *Id.* at 104.

¶ 18 As stated by our supreme court:

"In order to have a valid judgment the court must have both jurisdiction over the subject matter of the litigation and jurisdiction over the parties. [Citation.] Personal jurisdiction may be acquired either by the party's making a general appearance or by service of process as statutorily directed. [Citation.] A judgment rendered by a court which fails to acquire jurisdiction over the parties is void and may be attacked and vacated at any time, either directly or collaterally. [Citations.]" *In re Marriage of Verdung*, 126 Ill. 2d 542, 547 (1989).

¶ 19 However, even if we assume that the judgment was void, the analysis does not end there. Rather, the dispositive question is whether Raavi, who is not a party to the foreclosure action, was a *bona fide* purchaser. Where the rights of innocent third-party purchasers have attached, a judgment can be collaterally attacked only where an alleged personal jurisdictional defect affirmatively appears in the record. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 312-13 (1986) (citing Ill. Rev. Stat. 1981, ch. 110, § 2-1401(e) (now 735 ILCS 5/2-1401(e) (West 2018))). Section 2-1401(e) provides in pertinent part:

"Unless lack of jurisdiction *affirmatively appears from the record proper*, the vacation or modification of an order or judgment pursuant to the provisions of this Section does not affect the right, title or interest in or to any real or personal property of any person, not a party to the original action, acquired for value after the entry of the order or judgment but before the filing of the petition, nor affect any right of any person not a party to the original

action under any certificate of sale issued before the filing of the petition, pursuant to a sale based on the order or judgment." (Emphasis added.) 735 ILCS 5/2-1401(e) (West 2018).

¶ 20 In determining whether a lack of jurisdiction is apparent from the record, we must look to the whole record, which includes the pleadings, the return on the process, and the judgment of the court. *Thill*, 113 Ill. 2d at 313. A lack of jurisdiction is apparent from the record if it does not require inquiry beyond the face of the record. *Id.* at 314. Strict compliance with the statutes governing the service of process is required before a court will acquire personal jurisdiction over the person served. *Sarkissian*, 201 Ill. 2d at 109.

¶ 21 Defendant argues that the lack of personal jurisdiction is apparent on the face of the record due to the invalid summons. Defendant contends that the summons issued against him was "facially noncompliant" with section 2-201(a) of the Code (735 ILCS 5/2-201(a) (West 2010)) and Illinois Supreme Court Rule 101(a) (eff. May 30, 2008) because the summons did not identify defendant as "Defendant" and it was not directed to him.

¶ 22 "Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction." *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 18. Generally, a judgment rendered without service of process, absent a waiver of process or a general appearance by the defendant, is void regardless of whether the defendant had actual knowledge of the proceedings. *Arch Bay Holdings, LLC-Series 2010B v. Perez*, 2015 IL App (2d) 141117, ¶ 10. Accordingly, a foreclosure judgment entered without service of process is void. *Id.*

¶ 23 In Illinois, the use of summons is governed by statute and supreme court rules. Section 2-201(a) of the Code provides for the issuance of a summons in a civil case and states: "The form and substance of the summons, and of all other process, and the issuance of alias process, and the

service of copies of pleadings shall be according to rules." 735 ILCS 5/2-201(a) (West 2010).

Illinois Supreme Court Rule 101(a) (eff. May 30, 2008) provides for the form of the summons and at that time stated, in pertinent part:

> "The summons shall be issued under the seal of the court, tested in the name of the clerk,
> and signed with his name. It shall be dated on the date it is issued, *shall be directed to
> each defendant*, and shall bear the address and telephone number of the plaintiff or his
> attorney, and if service or notices of motions or filings by facsimile transmission will be
> accepted, the telephone number of the facsimile machine of the plaintiff or his attorney."
> (Emphasis added.)

Further, Illinois Supreme Court Rule 101(d) (eff. May 30, 2008) then provided, in pertinent part:

> "In all other cases the summons shall require each defendant to file his answer or otherwise
> file his appearance within 30 days after service, exclusive of the day of service (see Rule
> 181(a)), and *shall be in substantially the following form*:

In the Circuit Court of the _____ Judicial Circuit,

_____ County, Illinois (Or, In the Circuit Court of Cook

County, Illinois)

> A.B., C.D., *etc.* (naming all plaintiffs),
>
>     Plaintiffs
>
> v.                No. _____
>
> H.J., K.L., *etc.* (naming all defendants),
>
>     Defendants

SUMMONS

> To each defendant: \*\*\*." (Emphasis added.)

¶ 24 Defendant argues that the summons was invalid because the caption did not identify the parties and he was not named following the line "To each Defendant:".

¶ 25 A summons issued in violation of the statute and the rules is void and results in a lack of personal jurisdiction over the defendant. *Arch Bay Holdings*, 2015 IL App (2d) 141117, ¶ 14. Our supreme court has stated that "a summons which does not name a person on its face and notify him to appear, is no summons at all, so far as the unnamed person is concerned." *Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange of the Illinois Automobile Club*, 367 Ill. 44, 56 (1937); see also *Arch Bay Holdings*, 2015 IL App (2d) 141117, ¶ 14.

¶ 26 For example, in *Arch Bay Holdings*, we held that a summons that failed to name the defendant on its face was invalid and, thus, the court lacked personal jurisdiction. *Arch Bay Holdings*, 2015 IL App (2d) 141117, ¶¶ 16, 19. In *Ohio Millers Mutual*, a summons that failed to name approximately 3000 people on its face was invalid. *Ohio Millers Mutual*, 367 Ill. at 45- 46, 56. In *Theodorakakis v. Kogut*, 194 Ill. App. 3d, 586, 588-89 (1990), the summons was invalid where a trust was designated with the wrong number, even though the body of the complaint contained the correct number.

¶ 27 However, the purpose of a summons is to "notify a party that an action has been commenced against him." *In re Application of the County Treasurer & ex officio County Collector*, 307 Ill. App. 3d 350, 355 (1999).  In determining whether a summons was sufficient to provide the opposing party with notice of the action, "we adhere to the principle that a court should not elevate form over substance, but should construe a summons liberally." *Id.*

¶ 28 For example, in *Application of County Treasurer*, the appellate court held that a tax summons was sufficient to confer personal jurisdiction, even though the sheriff did not endorse the summons as required by state law. The court explained that, technical defects

notwithstanding, the summons was valid because it "served its intended purpose—to notify [the respondent]" that his property was being sold. *Id.* Similarly, in *Charter Bank & Trust of Illinois v. Novak*, 218 Ill. App. 3d 548, 553 (1991), the appellate court held that a summons, minor defects notwithstanding, "adequately advised the defendant of what she needed to do in order to appear and defend," and thus the defects were "no barrier to personal jurisdiction over the defendant." Further, in *MI Management, LLC v. Proteus Holdings, LLC*, 2018 IL App (1st) 160972, ¶ 39, the appellate court held that deficiencies in garnishment summons that the judgment creditor served on the judgment debtors, which included failing to sign and notarize the affidavit and to sign the certificate, were technical, nonsubstantive defects that did not deprive the trial court of personal jurisdiction over judgment debtors. The court reasoned that the summons adequately notified the judgment debtors that action had been commenced against them. *Id*. ¶ 55.

¶ 29 According to the caption of the summons issued and filed in this case, "BankUnited, FSB" appears above the "v." and "Scott D. Giusti, *et al.*" appears below the "v." Defendant contends that, because the words "Plaintiff" and "Defendants" do not appear below the names of the parties, the summons does not identify who the parties are in the caption and thus this violates Rule 101(d). However, the rule does not require exact compliance with the form provided. Rather, the rule requires a plaintiff to "substantially" adopt "the following form:". Ill. S. Ct. R. 101(d) (eff. May 30, 2008).

¶ 30 To determine whether the alleged technical defects in the summons were so severe as to preclude the court from obtaining personal jurisdiction over defendant, we must place substance over form and ask whether the summons adequately notified defendant that an action had been commenced against him. *MI Management, LLC*, 2018 IL App (1st) 160972, ¶ 54. We determine that the summons served that function. At the outset, we note that defendant has not explained

how any of the alleged defects frustrated his ability to understand that BankUnited had instituted foreclosure proceedings against him or what defendant needed to do to prepare and defend himself. It is difficult to imagine how the caption on the summons, stating "BankUnited, FSB, v. Scott D. Giusti, *et al.*," could have possibly prevented defendant from understanding the meaning or significance of the summons: that BankUnited was the plaintiff and that defendant was the defendant. Further, we cannot determine that the alleged technical deficiency regarding the absence of defendant's name following "To Defendant:" defeated personal jurisdiction over him. There were only two names listed on the summons, and defendant would have known if he were the plaintiff. In addition, page five of the summons names defendant as a defendant to be served. Thus, the alleged defects in the summons did not deprive the trial court of personal jurisdiction over defendant. No defect regarding the summons was apparent from the face of the record.

¶ 31 Next, defendant contends that a lack of personal jurisdiction is apparent on the face of the record because he was served in Cook County by a special process server who was not appointed by the court, in violation of section 2-202(a) of the Code. When defendant was served, section 2-202(a) provided, in pertinent part, that service in a county with a population of one million or more required a court-appointed special process server if service was not provided by a sheriff.[1] 735 ILCS 5/2-202(a) (West 2010). Here, BankUnited served defendant via a special process server, but the record contains no order appointing a special process server. Defendant argues that such an order was required pursuant to section 2-202(a) of the Code because service occurred in Cook County, which had a population of one million or more. Therefore, defendant argues,

_____

[1] In 2010, the legislature amended section 2-202(a) to allow special service without a court appointment in a county with a population of less than two million. Pub. Act 96-1451, § 5 (eff. Aug. 20, 2010) (amending 735 ILCS 5/2-202(a)).

personal jurisdiction was never established. To establish that service took place in Cook County, defendant points to the special-process-server affidavit.

¶ 32 The special-process-server affidavit shows that substitute service of the summons and the complaint was made on defendant at 766 Stonewall Court in Schaumburg, Illinois, 60173. However, the affidavit does not indicate whether defendant was served in Cook or Du Page County. Thus, the affidavit does not establish a jurisdictional defect on its face. We reject defendant's argument that the record affirmatively shows that service took place in Cook County.

¶ 33 This case is similar to *U.S. Bank National Ass'n v. Rahman*, 2016 IL App (2d) 150040. In *Rahman*, defendant was served in Hanover Park and Bartlett. *Id.* ¶ 19. There, because the addresses at which defendant was served had portions in both Du Page and Cook counties, we rejected the defendant's argument that the summons showed that service took place in Cook County. *Id.* ¶¶ 19, 38-39. We reasoned that the alleged defect was not apparent on the face of the record, because external materials would have been necessary to determine whether service occurred in Cook or Du Page County. *Id.* ¶¶ 38-39.

¶ 34 Similar to *Rahman*, BankUnited served defendant in Schaumburg, which has portions in both Du Page and Cook counties. To determine in which county BankUnited served defendant, outside materials are required. Therefore, the alleged defect is beyond the face of the record. See *Thill*, 113 Ill. 2d at 314 (a lack of jurisdiction apparent from the record may not be established by going beyond the face of the record); see also *Rahman*, 2016 IL App (2d) 150040, ¶39.

¶ 35 Defendant contends that the zip code 60173, as indicated on the special-process-server affidavit, exists entirely within the borders of Cook County. Defendant further asserts that, because the zip code is in Cook County, a lack of jurisdiction is apparent on the face of the record. To support his argument, defendant cites a map of the area within the zip code, which shows that

it is within Cook County. Defendant's citation of the map defeats his argument because it leads us beyond the face of the record. See *Thill*, 113 Ill. 2d at 314; see also *Rahman*, 2016 IL App (2d) 150040, ¶ 39 ("[I]t was impossible to determine in which county service occurred from the face of the affidavits—outside materials were necessary.").

¶ 36 Defendant urges us to take judicial notice that the zip code 60173 exists within Cook County. Generally, courts may take judicial notice of facts that are commonly known or readily verifiable from sources of indisputable accuracy. *Murdy v. Edgar*, 103 Ill. 2d 384, 394 (1984). Here, however, the information defendant offers is not appropriate for judicial notice. Defendant fails to recognize that the "lack of jurisdiction [must] affirmatively appear[ ] from the record proper." See 735 ILCS 5/2-1401(e) (West 2018). By asking us to take judicial notice that 60173 lies in Cook County, defendant goes beyond the face of the record to establish a defect in service, and thus we reject defendant's request. The affidavit of service itself would lead a reasonably prudent purchaser to conclude that service was proper. There is nothing on the face of the affidavit to suggest that the process server was unauthorized to serve process. Because the jurisdictional defect does not affirmatively appear on the face of the record, section 2-1401(e) protects Raavi's rights in the property.

¶ 37 The *bona fide* purchaser protections under section 2-1401(e) also apply to West Town. "The law measures *bona fide* purchasers and mortgagees under the same standards." *US Bank National Ass'n v. Villasenor*, 2012 IL App (1st) 120061, ¶ 58. A mortgagee of realty is afforded the same protections as a *bona fide* purchaser if the mortgage is supported by consideration and secured in good faith, without knowledge or notice of adverse claims. *Life Savings & Loan Ass'n of America v. Bryant*, 125 Ill. App. 3d 1012, 1019 (1984); see also *In re Ehrlich*, 59 B.R. 646, 649-50 (Bankr. N.D. Ill. 1986).

¶ 38 The record indicates that West Town and Raavi were in the same position. West Town's mortgage was supported by consideration and secured in good faith before the petition was filed. Therefore, West Town was entitled to *bona fide*-purchaser status and the protections afforded by section 2-1401(e), as the trial court determined. Accordingly, the trial court properly dismissed defendant's petition against Raavi and West Town, based upon section 2-1401(e)'s *bona fide* purchaser protections.

¶ 39 Raavi and West Town argue that the trial court properly determined that defendant's petition was properly dismissed based on *laches*. *Laches* is an affirmative defense that is equitable, and it requires the party raising it to show that there was an unreasonable delay in bringing an action and that the delay caused prejudice. *Rahman*, 2016 IL App (2d) 150040, ¶ 44. Defendant argues that *laches* does not apply when a judgment is void, because a void judgment may be attacked at any time. Although we need not address the merits as to whether *laches* applies here, we note that there were two subsequent sales of the property to *bona fide* purchasers. Defendant implies that there is no limit to the number of transfers of title that a present *bona fide* purchaser must examine to determine if a void order was entered in proceedings that did not directly result in the transfer to the present *bona fide* purchaser. There are already equitable exceptions for granting relief from a void judgment, including the one that was the basis for the denial of relief in this case. See *West Suburban Bank v. Advantage Financial Partners, LLC*, 2014 IL App (2d) 131146, ¶¶ 26-27 (discussing *laches* in the context of mortgage foreclosures). Although we do not determine if *laches* applies to this case, we agree with the court in *West Suburban* that *laches* can preclude relief in an appropriate case where prejudice is demonstrated.

¶ 40 For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 41                                III. CONCLUSION

¶ 42    The judgment of the circuit court of Du Page County is affirmed.

¶ 43    Affirmed.

---

**No. 2-19-0522**

---

| | |
|---|---|
| **Cite as:** | *BankUnited National Ass'n v. Giusti*, 2020 IL App (2d) 190522 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 10-CH-4125; the Hon. James D. Orel, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Giovanni Raimondi, of RAI Law, LLC, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Nathan B. Grzegorek, Timothy P. Collins and James A. Larson, of Plunkett Cooney, P.C., of Chicago, for appellee Raavi, Inc.<br><br>No brief filed for other appellees. |

---