2020 IL App (2d) 190521
No. 2-19-0521
Opinion filed August 28, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 11-CH-1585 |
| | ) | |
| JERZY KUSMIERZ; HALINA KUSMIERZ; | ) | |
| THE TOWNSHIP OF YORK; and PNC | ) | |
| BANK, NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Jerzy Kusmierz and Halina Kusmierz, | ) | |
| Defendants-Appellants; Brian T. Heath, | ) | |
| Naillisa S. Ragland, and Mortgage Electronic | ) | Honorable |
| Registration Systems, Inc., Respondents- | ) | James D. Orel, |
| Appellees). | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices McLaren and Bridges concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, PNC Bank, National Association (Bank), filed a foreclosure complaint against

defendants, Jerzy and Halina Kusmierz, concerning property in Lombard.[1]    Ultimately, in

_____

[1] The mortgage was initially entered into by defendants and MidAmerica Bank, FSB, but

February 2012, the trial court entered a default judgment against defendants, and the property was sold through a judicial sale.

¶ 2     Six years later, on September 12, 2018, defendants filed a petition for relief from void judgments, pursuant to section 2-1401(f) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2016)), arguing that all orders entered against them in the foreclosure action were void because defendants were not properly served and, therefore, the trial court lacked personal jurisdiction over them. The Bank moved to dismiss the petition, pursuant to section 2-619.1 of the Code (*id.* § 2-619.1), as did subsequent purchasers. The court granted the motions. Defendants appeal. For the following reasons, we affirm.

¶ 3                                I. BACKGROUND

¶ 4     On March 30, 2011, the Bank filed the foreclosure complaint and summons against defendants, relating to real estate located at 1405 Wisconsin Avenue in Lombard. The record reflects that, on March 31, 2011, Jennifer I. Magida, an employee of Metro Detective Agency, LLC, attempted service at the subject address, but the property consisted of only a vacant lot, with no structures.

¶ 5     On April 4, 2011, the court entered an order appointing Metro Detective Agency, LLC, as special process server.

¶ 6     An affidavit of service dated the next day, April 5, 2011, reflects that, on *April 1*, 2011, Magida served Jerzy by abode service when she handed the complaint and summons to his wife,

---

the complaint asserted that plaintiff was the legal holder of the note, mortgage, and indebtedness as the successor by merger to National City Bank, which was the successor by merger to MidAmerica Bank, FSB.

Halina at 1107 West Eaton Court, Palatine, IL, 60067. According to the affidavit, on April 4, 2011, Magida also sent Jerzy the summons via United States mail to the same Palatine address. A second affidavit, also dated April 5, 2011, attests to personal service of Halina on *April 1*, 2011, at the Palatine address. Both affidavits attest: "I am a registered employee of a Private Detective Agency licensed by the Illinois Department of Financial and Professional Regulation and thereby authorized to serve process within the State of Illinois pursuant to 735 ILCS 5/2-202(a)."

¶ 7    On February 27, 2012, the Bank filed a motion for foreclosure and judgment of sale. It noted April 1, 2011, as the date of service for defendants but also noted that defendants never appeared.

¶ 8    On February 28, 2012, the court entered an order of default against defendants and a judgment of foreclosure in the amount of $132,418.51. The property was sold at a judicial sale, with the Bank being the successful bidder. On June 12, 2012, the court entered an order confirming the judicial sale. In 2013, Brian T. Heath and Naillisa S. Ragland purchased the property from the Bank.

¶ 9    On September 12, 2018, approximately six years after the default judgment was entered, defendants filed a section 2-1401 petition seeking relief from the judgments. They noted that they were served in Cook County but argued that the court never acquired personal jurisdiction over them, because there was no order in the record appointing a special process server for Cook County, in violation of section 2-202(a) of the Code (735 ILCS 5/2-202(a) (West 2016)).[2] Defendants argued that the jurisdictional defect affirmatively appeared on the face of the record

---

[2] This assertion was incorrect; there was an order appointing a special process server, but the order was entered three days after Halina was personally served at the Palatine address.

and that the default judgment was void. In their prayer for relief, defendants requested that the court

—quash the service;

—vacate all orders and judgments in the case as void *ab initio*;

—find that the lack of jurisdiction is apparent on the face of the record;

—find that defendants are the owners of the property;

—restore possession of the property to them and order that the Bank and the purchasers pay defendants, "as restitution, reasonable use and occupancy of [the property] from July 12, 2012, through and including the date [defendants] are restored to possession," or, alternatively, "in the event that possession is not restored" to defendants, that the Bank and purchasers pay defendants "as restitution" the value of the property on the date that the petition is granted, plus reasonable use and occupancy of the residence from July 12, 2012, through and including the date that restitution is paid in full;

—order the Bank and the purchasers to pay defendants, "as restitution," all profits that they derived from the residence; and

—stay further proceedings until all restitution is made to defendants.

¶ 10 The Bank filed a section 2-619.1 motion to dismiss the petition, arguing, in sum, that the petition was barred by the *laches* doctrine, was moot, and requested improper relief.

¶ 11 Heath and Ragland also filed a section 2-619.1 motion, arguing, in sum, that they were entitled to *bona fide*-purchaser protections under section 2-1401(e) (*id.* § 2-1401(e)), the *laches* doctrine barred the petition, and defendants' requested relief was improper. In addition, they attested that, in 2013, they purchased the vacant lot from the Bank for $24,000. They further attested that they constructed a five-bedroom home on the property, paying $42,000 and obtaining

two mortgage loans to finance construction: "from STC Capital Bank ('STC'), to wit: (a) a $220,400.00 loan secured by a mortgage lien interest in the Premises delivered to Mortgage Electronic Registration Systems, Inc. ('MERS'), as nominee for STC, on May 17, 2013; and (b) a home equity line of credit in the amount of $72,250.00 secured by a subordinate mortgage lien interest in the Premises delivered to STC on May 7, 2015." Further, they attested that they remitted around $29,500 for real estate taxes and $6500 in property insurance. MERS later joined the section 2-619.1 motion to dismiss filed by Heath and Ragland (hereinafter, we refer to Heath, Ragland, and MERS collectively as "the purchasers").

¶ 12    On May 21, 2019, after hearing oral argument, the trial court granted both motions to dismiss with prejudice, noting that it found that the purchasers were *bona fide* under section 2-1401(e) and that *laches* applied as to both motions. On June 18, 2019, defendants filed their notice of appeal.

¶ 13                                    II. ANALYSIS

¶ 14                            A. Motion to Dismiss Appeal

¶ 15    Preliminarily, we note that, similar to the posture below, on appeal the Bank and the purchasers each filed a separate response brief. In addition, the purchasers, in a motion that we ordered taken with the case, have moved to dismiss the appeal. They argue, in sum, that this appeal is moot because, pursuant to sections 13-107.1 and 13-109.1 of the Code (735 ILCS 5/13-107.1, 13-109.1 (West 2018)), they have acquired title to the premises through adverse possession and, therefore, their interest in the property would not be affected by vacating the foreclosure orders.

¶ 16    We deny the motion to dismiss the appeal as moot. We faced almost-identical motions in *JP Morgan Chase Bank, N.A. v. Robinson*, 2020 IL App (2d) 190275, and *Bank of New York v. Rodriguez*, 2020 IL App (2d) 190143, and denied both, noting in *Robinson* that, to rule on the

merits of the motion, we had to rule on the merits of the case. *Robinson*, 2020 IL App (2d) 190275, ¶ 29 n.2.

¶ 17                                     B. Standard of Review

¶ 18     We note that, on appeal, defendants do not contend that they were *not* actually served but, rather, that the foreclosure judgments against them were void and the trial court erred in dismissing the section 2-1401 petition. Defendants argue that service in Cook County required appointment of a special process server, which did not happen until April 4, *after* personal service occurred on April 1; the defect in service was apparent on the face of the record, as the service address was in Cook County, such that the purchasers were not *bona fide*; the doctrine of *laches* does not apply to petitions to vacate void judgments; and they are entitled to restitution.

¶ 19     For the following reasons, we conclude that dismissal of the petition against both the purchasers and the Bank was proper under section 2-619(a)(9) of the Code, which permits dismissal of an action where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2018). We review *de novo* the dismissal of a pleading pursuant to section 2-619(a)(9). *McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL 123626, ¶ 17. In addition, we review *de novo* a judgment on a section 2-1401 petition claiming voidness due to lack of personal jurisdiction. *Deutsche Bank National Trust Co. v. Hall-Pilate*, 2011 IL App (1st) 102632, ¶ 12.

¶ 20                          C. Dismissal of Petition as to the Purchasers

¶ 21     Defendants contend that service was improper because it was conducted by an unauthorized person in that, although the special process server had not yet been appointed by the court, service was conducted in Cook County, which, according to section 2-202(a) of the Code (735 ILCS 5/2-202(a) (West 2010)), required service by the sheriff *or* a *court-appointed* special

process server. Defendants argue that the service affidavit, reflecting service on April 1, 2011, coupled with the court order being entered on April 4, suffices to establish on the face of the record a failure to comply with section 202(a). As such, defendants conclude, section 2-1401(e)'s *bona fide*-purchaser protections do not apply. This court addressed and rejected similar arguments in *Robinson*, 2020 IL App (2d) 190275, ¶¶ 19-29, and, even more recently, in *BankUnited, National Ass'n v. Giusti*, 2020 IL App (2d) 190522, ¶¶ 31-38. But see *Municipal Trust and Savings Bank v. Moriarty*, 2020 IL App (3d) 190016, ¶¶ 22-23 (upholding denial of the mortgagor's petition for relief from judgment in a foreclosure proceeding on the basis that, even though the private detective had not been specially appointed to serve process in the county, service of process on the mortgagor in Cook County by a registered private detective was valid under section 2-202(a), (b) (735 ILCS 5/2-202(a), (b) (West 2016)) and, therefore, provided the trial court with personal jurisdiction over the mortgagor). We acknowledge that briefing in this case finished prior to our issuance of those decisions. Nevertheless, we apply the same analyses to defendants' arguments here.

¶ 22    Specifically, where, as here, a voidness challenge is brought more than 30 days after a default judgment, it may be considered under section 2-1401. See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104-05 (2002). Further, a section 2-1401 petition alleging that the underlying judgment was void is not subject to the time, due-diligence, or meritorious-defense requirements applicable to other section 2-1401 petitions. *Id.* at 104.

¶ 23    As stated by our supreme court:

"In order to have a valid judgment the court must have both jurisdiction over the subject matter of the litigation and jurisdiction over the parties. [Citation.] Personal jurisdiction may be acquired either by the party's making a general appearance or by

service of process as statutorily directed. [Citation.] A judgment rendered by a court which fails to acquire jurisdiction over the parties is void and may be attacked and vacated at any time, either directly or collaterally. [Citations.]" *In re Marriage of Verdung*, 126 Ill. 2d 542, 547 (1989).

¶ 24 However, even if we were to assume that the judgment is void, our analysis does not end, because the dispositive question becomes whether the purchasers are *bona fide*. Specifically, where the rights of innocent third-party purchasers have attached, a judgment may be collaterally attacked only where an alleged personal-jurisdictional defect affirmatively appears in the record. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 312-13 (1986) (citing Ill. Rev. Stat. 1981, ch. 110, ¶ 2-1401(e) (now 735 ILCS 5/2-1401(e) (West 2018))). Section 2-1401(e) provides:

> "Unless lack of jurisdiction *affirmatively appears from the record proper*, the vacation or modification of an order or judgment pursuant to the provisions of this Section does not affect the right, title or interest in or to any real or personal property of any person, not a party to the original action, acquired for value after the entry of the order or judgment but before the filing of the petition, nor affect any right of any person not a party to the original action under any certificate of sale issued before the filing of the petition, pursuant to a sale based on the order or judgment." (Emphasis added.) 735 ILCS 5/2-1401(e) (West 2018).

¶ 25 In determining whether a lack of jurisdiction is apparent from the record, we must look to the whole record; a lack of jurisdiction is apparent if it does not require inquiry beyond the face of the record. *Thill*, 113 Ill. 2d at 313-14. Strict compliance with the statutes governing service of process is required before a court will acquire personal jurisdiction over the person served. *Sarkissian*, 201 Ill. 2d at 109.

¶ 26    Here, we disagree with defendants' argument that the alleged defect in service was apparent on the face of the record, such that section 2-1401's *bona fide*-purchaser protections are inapplicable. The affidavit of the special process server reflects service at 1107 West Eaton Court, Palatine, IL, 60067. It does *not*, however, specify that service was effected in Cook County. Further, the affidavit reflects the process server's representation that she was authorized to serve process "pursuant to 735 ILCS 5/2-202(a)," the very statute that defendants claim was violated.

¶ 27    We have previously held that, where an affidavit does not specify the county in which service occurred, a third-party purchaser would not, on the record alone, have any reason to suspect that service was not in compliance with section 2-202(a) and, further, that a third-party purchaser should be able to rely on the affidavit's statement that service complied with the service requirements. See, *e.g.*, *Giusti*, 2020 IL App (2d) 190522, ¶¶ 33-36; *Robinson*, 2020 IL App (2d) 190275, ¶¶ 23-27; *U.S. Bank National Ass'n v. Rahman*, 2016 IL App (2d) 150040, ¶¶ 38-39. Defendants argue that Palatine exists entirely in Cook County. While that might be true, the "lack of jurisdiction [must] affirmatively appear[ ] from the record proper." See 735 ILCS 5/2-1401(e) (West 2018). A request that we take judicial notice that Palatine's 60067 zip code lies exclusively in Cook County requires us to go beyond the face of the record to establish a defect in service. In contrast, the service affidavit itself would lead a reasonably prudent purchaser to conclude that service was proper, as there is nothing on the face of the affidavit to suggest that the process server was unauthorized to serve process, or that service was in Cook County and that, therefore, the order appointing a special process server entered three days later was a reason to suspect defective service. Because the jurisdictional defect does not affirmatively appear on the face of the record, section 2-1401(e) protects the purchasers' rights in the property. See *Giusti*, 2020 IL App (2d)

190522, ¶¶ 37-38.  Accordingly, the trial court properly dismissed the section 2-1401 petition against them.

¶ 28                              D. Dismissal of Petition as to the Bank

¶ 29    As to the Bank, our analysis diverges slightly from prior decisions.  For example, in *Robinson*, we noted that the successor in interest to the defendant's original mortgagee was entitled to the same protections as the subsequent purchasers because "the void judgment would not 'affect any right of any person not a party to the original action under any certificate of sale issued before the filing of the petition, pursuant to a sale based on the order or judgment.' "  *Robinson*, 2020 IL App (2d) 190275, ¶ 29 (quoting 735 ILCS 5/2-1401(e) (West 2018)).  Here, however, the Bank is not a successor in interest; rather, it is the original foreclosing plaintiff that defendants claim took advantage of void orders to sell the property.  Thus, section 2-1401(e) protections are not relevant.

¶ 30    Instead, the trial court granted the Bank's motion to dismiss on the basis of *laches*, without ruling on the Bank's mootness argument.  Defendants argue, in sum, that the court's ruling was improper because a void judgment may be attacked at any time and, therefore, *laches* does not apply.  We conclude that the trial court properly granted the Bank's motion to dismiss.

¶ 31    *Laches* is an affirmative defense that is equitable, and it requires the party raising it to show that there was an unreasonable delay in bringing an action and that the delay caused prejudice.  *Rahman*, 2016 IL App (2d) 150040, ¶ 44.  We have no quarrel with defendants' position that void judgments may be challenged at any time.  Indeed, we acknowledged above that section 2-1401 petitions alleging void judgments are not subject to that section's ordinary time restrictions.  However, although void judgments may be *attacked* at any time, in *Robinson*, we noted that *laches* "can preclude *relief* in an appropriate case where prejudice is demonstrated."  (Emphasis added.)  *Robinson*, 2020 IL App (2d) 190275, ¶ 30.  Further, this court has noted that, although it might be

a "curious argument" to assert that *laches* bars *bringing* a jurisdictional challenge, nevertheless, "in some circumstances, *laches* [has] been held to interpose a limit on when a void judgment may be collaterally attacked." *West Suburban Bank v. Advantage Financial Partners, LLC*, 2014 IL App (2d) 131146, ¶ 26 (citing *James v. Frantz*, 21 Ill. 2d 377, 383 (1961), *Eckberg v. Benso*, 182 Ill. App. 3d 126, 131-32 (1989), *In re Adoption of Miller*, 106 Ill. App. 3d 1025, 1030 (1982), and *Rodriguez v. Koschny*, 57 Ill. App. 3d 355, 361 (1978)). In addition, support for the position that *laches* may be applied, even if the issue is one concerning defective service and allegedly void orders, is also found in *Slatin's Properties, Inc. v. Hassler*, 53 Ill. 2d 325, 329-30 (1973) (noting that the defense of *laches* is "dependent upon the facts of each case" and "[w]hen the facts indicate that it would be inequitable to allow a party to assert title, *laches* will bar this right even within the statutory period of limitation"); *In re Jamari*, 2017 IL App (1st) 160850, ¶ 55 (" 'Illinois cases recognize that even if service of process is defective an attack on a decree may be barred by laches. [Citation.] It is a basic to the laches doctrine that a complainant may be barred when, after ascertaining the facts, he [or she] fails promptly to seek redress.' " (quoting *Rodriguez*, 57 Ill. App. 3d at 361-62)); *La Salle National Bank v. Dubin Residential Communities Corp.*, 337 Ill. App. 3d 345, 350-51 (2003) ("*[l]aches* is a defense that is asserted against a party who has knowingly slept upon his [or her] rights and acquiesced for a great length of time, and its existence depends upon whether, under all the circumstances of a particular case, a party is chargeable with want of due diligence and failing to institute proceedings before he or she did"; moreover, "[w]hether the defense of laches is available is to be determined upon the facts and circumstances of each case"); *Eckberg*, 182 Ill. App. 3d at 131 ("Illinois courts have applied this [(*laches*)] doctrine to bar claims that a decree is void for defective service of process despite contrary arguments that such a jurisdictional claim may be brought at any time."); *Miller v. Bloomberg*, 60 Ill. App. 3d 362, 365

(1978) (noting that a void decree may be attacked at any time, "although the equitable defense of laches may be interposed"). As such, in light of the foregoing precedent, defendants' position that under no circumstances may *laches* apply to this case is simply not persuasive.

¶ 32    Here, the Bank argues that both elements to bar relief based on *laches* are satisfied. The Bank notes that defendants do not argue that they were not served or had no knowledge of the foreclosure action, and, yet, they did nothing about their allegedly defective service until filing their section 2-1401 petition *six years* later. This unreasonable delay, the Bank argues, allowed defendants to increase the damages they could claim without any detriment to themselves, and it resulted in the property's transfer to *bona fide* purchasers, such that the Bank is irreparably damaged and cannot recover the property.

¶ 33    We agree. "*Laches* has been defined as 'such neglect or omission to assert a right, taken in conjunction with a lapse of time of more or less duration and other circumstances causing prejudice to an adverse party, as will operate to bar relief in equity.' [Citation.] The existence of *laches* 'depends on whether, under all circumstances of a particular case, a plaintiff is chargeable with want of due diligence in failing to institute proceedings before he did.' [Citation.]" *In re Adoption of Miller*, 106 Ill. App. 3d at 1030. Defendants here presently seek against the Bank restitution and profits from the sale of the property, but they were served with the complaint and summons (Halina in person and Jerzy via abode service), notifying them that their interest in the property was in jeopardy, six years prior to filing their section 2-1401 petition. For six years, they did nothing to protect their rights in the property and, had they participated in court proceedings, they might have earlier discovered the alleged defect in service. Again, they do not dispute receiving service or that constructive notice of the property sale, via the recording of deeds and the purchasers' payment of real estate taxes, would impute knowledge upon them. Nevertheless,

they did not bring this cause of action until six years and two transfers of title later. To permit relief against the Bank at this juncture and under these circumstances would be inequitable, as the Bank has no ability to recover the property and, depending on statutes-of-limitations issues, might have no recourse against other parties or counsel. Further, nothing suggests that defendants' delay in bringing this action was reasonable. Accordingly, providing relief to defendants, despite their unreasonable delay in seeking relief, would prejudice the Bank.

¶ 34    In sum, we also affirm the trial court's dismissal of the section 2-1401 petition against the Bank.

¶ 35                              III. CONCLUSION

¶ 36    For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 37    Affirmed.

**No. 2-19-0521**

| | |
|---|---|
| **Cite as:** | *PNC Bank, National Ass'n v. Kusmierz*, 2020 IL App (2d) 190521 |
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 11-CH-1585; the Hon. James D. Orel, Judge, presiding. |
| **Attorneys for Appellant:** | Giovanni Raimondi, of RAI Law, LLC, of Chicago, for appellants. |
| **Attorneys for Appellee:** | Meredith Pitts, of Heavner, Beyers & Mihlar, LLC, of Decatur, for appellee PNC Bank, National Association.<br><br>Nathan B. Grzegorek and James A. Larson, of Plunkett Cooney, P.C., of Chicago, for other appellees. |