# Illinois Official Reports

## Appellate Court

---

### *JPMorgan Chase Bank, N.A. v. Robinson*, 2020 IL App (2d) 190275

---

| | |
|---|---|
| Appellate Court Caption | JPMORGAN CHASE BANK, N.A., Plaintiff-Appellee, v. ALLEN ROBINSON SR.; UNKNOWN HEIRS AND LEGATEES OF ALLEN ROBINSON SR., if Any; UNKNOWN OWNERS; and NONRECORD CLAIMANTS, Defendants (Allen Robinson Sr., Defendant-Appellant; The Bank of New York Trust Company N.A., as Successor to JPMorgan Chase Bank, N.A., as Trustee; Residential Funding Company, LLC, f/k/a Residential Funding Corporation, Attorney-in-Fact; Leticia Romo; Fifth Third Mortgage Company; Federal Home Loan Mortgage Corporation; Monika J. Szczurek; Mortgage Electronic Registration Systems, Inc.; The Village of Glen Ellyn; The Village of Lombard; and Unknown Occupants, Third-Party Defendants-Appellees). |
| District & No. | Second District<br>No. 2-19-0275 |
| Filed<br>Rehearing denied | April 13, 2020<br>June 4, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 06-CH-1777; the Hon. Bonnie M. Wheaton, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Giovanni Raimondi, of RAI Law, LLC, of Schaumburg, for appellant.

James V. Noonan and Mitchell A. Lieberman, of Noonan & Lieberman, Ltd., of Chicago, for appellees JPMorgan Chase Bank, N.A, and Monika Szczurek.

Katharine F. Lessaris, Jena Valdetero, Jessica D. Pedersen, and Kristin Howard Corradini, of Bryan Cave Leighton Paisner LLP, of Chicago, for appellee Ocwen Loan Servicing, LLC.

Kathryn A. Campbell and Sarah I. Rashid, of McGuireWoods LLP, of Chicago, for appellee Mortgage Electronic Registration Systems, Inc.

Timothy L. Binetti, of Dinsmore & Shohl LLP, of Chicago, for appellees Fifth Third Mortgage Company and Federal Home Loan Mortgage Corporation.

No brief filed for other appellees.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Hutchinson and Jorgensen concurred in the judgment and opinion.

## OPINION

¶ 1    This case concerns whether defendant, Allen Robinson Sr., was properly served and, if he was not, whether he could obtain the relief he sought. Plaintiff, JPMorgan Chase Bank, N.A. (Chase Bank), filed a complaint to foreclose a mortgage against, *inter alios*, defendant. Chase Bank issued several summonses for defendant. Defendant was served. After defendant did not appear, Chase Bank moved for a default judgment. The court granted the motion and entered a default judgment of foreclosure and sale. Chase Bank subsequently sold the foreclosed property at a sheriff's sale, and the court confirmed the report of sale. Monika J. Szczurek eventually purchased the property.

¶ 2    Almost seven years after the sale to Szczurek, defendant filed a petition to, *inter alia*, quash service of process and vacate all orders and judgments entered in the case, arguing that he had been improperly served by a special process server in Cook County, in violation of section 2-202(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-202(a) (West 2018)). The court determined that Szczurek's property rights were protected by section 2-1401(e) of the Code

(*id.* § 2-1401(e)), because no jurisdictional defect appeared on the face of the record. Therefore, the court dismissed defendant's petition.

¶ 3    Defendant appeals, and we affirm.

¶ 4                                I. BACKGROUND

¶ 5    According to defendant's petition, on October 2, 2006, Chase Bank filed the foreclosure complaint against him. The property was commonly known as 1S277 Lawler Avenue, Lombard, Illinois, 60148.

¶ 6    Chase Bank employed ProVest, LLC, as a special process server. Andy McIntosh, a ProVest employee, averred that he "was appointed by the Court [(of Du Page County)] to serve process" and that he served defendant by substitute service at "1656 S. Central Park Avenue, Chicago, IL 60623" on October 16, 2006.

¶ 7    On December 14, 2006, the trial court entered a default judgment against, *inter alios*, defendant, for failure to appear or plead. The court further entered a judgment of foreclosure and sale. In April 2007, the property was sold at a sheriff's sale to the Bank of New York Trust Company, N.A. (BONY), as successor in interest to Chase Bank, "as trustee Residential Funding Company L.L.C. f/k/a Residential Funding Corporation, attorney-in-fact." On May 2, 2007, the court approved and confirmed the report of sale. On May 31, 2007, a sheriff's deed that the Sheriff of Du Page County issued to BONY was recorded in the Du Page County recorder of deed's office. In October 2007, a special warranty deed BONY issued to Leticia Romo and a mortgage Romo granted to Fifth Third Mortgage Company (Fifth Third) were recorded. On March 6, 2010, a *lis pendens* and notice of foreclosure Fifth Third provided to Romo was recorded. In November 2010, a sheriff's deed issued to Federal Home Loan Mortgage Corporation (Federal Home) was recorded.

¶ 8    In September 2011, Szczurek purchased the property from Federal Home, which conveyed the property by special warranty deed. Szczurek obtained a mortgage from Mortgage Electronic Registration Systems, Inc. (MERS). Both the special warranty deed and the mortgage were recorded on September 28, 2011.

¶ 9    Approximately 12 years after defendant was served and approximately 7 years after Szczurek took title to the property, on September 12, 2018, defendant filed his petition to vacate the judgment of foreclosure and sale, pursuant to section 2-1401(e) of the Code (*id.*). Defendant argued that the judgment was void because the court "did not acquire personal jurisdiction over [him] because [he] was served in Cook County, Illinois and the Circuit Court did not appoint a special process server to serve process in Cook County. The lack of jurisdiction was apparent on the face of the record." Defendant asked the court to, *inter alia*, (1) quash service for defendant; (2) vacate all orders and judgments entered in the case as void *ab initio*; (3) find that the lack of personal jurisdiction was apparent on the face of the record; (4) find that defendant was the owner of the property; (5) grant him possession of the property and restitution from Chase Bank, Romo, and Szczurek, for the use and occupancy of the property or, if possession could not be restored to defendant, restitution for the value of the property on the date "this petition is granted," plus the value of the use and occupancy of the property from June 1, 2007, through the date restitution is paid; and (6) grant him restitution of all profits derived from the property from Chase Bank, Romo, Fifth Third, Federal Home, Szczurek, and MERS.

¶ 10        On November 19, 2018, MERS filed a motion to dismiss pursuant to section 2-619 of the Code, arguing, in part, that (1) the *bona fide*-purchaser protections of section 2-1401(e) of the Code barred defendant's petition, because failure to comply with section 2-202(a) (735 ILCS 5/2-202(a) (West 2006)) was not apparent on the face of the record, as Chicago lies within both Cook and Du Page counties and the service return failed to reflect the county in which service was returned, (2) section 1401(e)'s *bona fide*-purchaser protections barred the possessory relief defendant requested, (3) the petition was barred by the doctrine of *laches*, and (4) the relief defendant requested was "extraneous in nature."

¶ 11        On March 17, 2018, Ocwen Loan Servicing (Ocwen), as servicer for BONY, filed a motion to dismiss defendant's section 2-1401 petition. Ocwen argued that defendant's petition (1) should be dismissed pursuant to section 2-615 of the Code because the petition failed to meet Illinois's fact-pleading standards and failed to attach a copy of the affidavit of service and the summons, which allegedly showed improper service; (2) was moot under section 2-1401(e)'s *bona fide*-purchaser protections, because there was no jurisdictional defect on the face of the record ("[T]o determine if service was proper, an individual would have to look up the county in which [defendant] was served (which is not listed on the affidavit of service). *** The affidavit of service does not alert potential purchasers to a problem with title"); (3) was time-barred pursuant to section 13-109 of the Code, because more than seven years had passed; (4) was barred under the doctrine of *laches*; and (5) was barred under the doctrine of unclean hands.

¶ 12        On December 20, 2018, Szczurek filed a motion to dismiss pursuant to section 2-619.1 of the Code, arguing that defendant's petition was barred (1) under the doctrine of *laches*, (2) by adverse possession pursuant to section 13-109 of the Code, and (3) under the *bona fide*-purchaser protections of section 2-1401(e) of the Code.

¶ 13        On March 11, 2019, the trial court granted all three motions to dismiss. The court's order states:

>    "[The] Court takes judicial notice that Chicago is a municipality located in two different counties: Cook County and Du Page County. However, the Service Return states the zip code of the Service Address to be 60623 and does not recite the county in which the service was made. For the Court to determine which county in which this zip code is located, an investigation would be required. The Court is unable to take judicial notice of the county in which this zip code is located. Thus, the Court finds that the defect complained of is not apparent on the face of the record.
>
>    The Motion to Dismiss [defendant's] Petition for Relief from Void Judgments is GRANTED only on the basis of the *bona fide* [*sic*] purchaser argument asserted by [MERS], [Szczurek], and [Chase Bank and OCWEN, servicer to BONY, successor in interest to Chase Bank]. The Court rules that adverse possession is more properly brought as a counterclaim to quiet title and not as a basis to dismiss. This is a final order, with no just reason to delay enforcement or appeal."

¶ 14        Defendant filed his notice of appeal on April 9, 2019.

- 4 -

## II. ANALYSIS

### A. Standard of Review

Defendant appeals the dismissal of his petition. For the following reasons, we conclude that dismissal was proper under section 2-619(a)(9) of the Code, which permits dismissal of an action where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2018). We review *de novo* the dismissal of a complaint pursuant to section 2-619(a)(9). *McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL 123626, ¶ 17. We also review *de novo* a judgment on a section 2-1401 petition claiming voidness due to a lack of personal jurisdiction. *Deutsche Bank National Trust Co. v. Hall-Pilate*, 2011 IL App (1st) 102632, ¶ 12.

### B. Personal Jurisdiction

Defendant argues that the foreclosure court lacked personal jurisdiction over him and the trial court erred by dismissing his petition to vacate. Defendant contends that he was served by an unauthorized person, pursuant to section 202(a) of the Code, and that the special process server's affidavit that shows the zip code 60623 indicates on the face of the record a failure to comply with section 202(a). Therefore, according to defendant, section 2-1401(e)'s *bona fide*-purchaser protections do not apply.

Where, as here, a voidness challenge is brought more than 30 days after a default judgment, it may be considered under section 2-1401. See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104-05 (2002). Further, a petition brought on voidness grounds is not subject to the time, due-diligence, or meritorious-defense requirements applicable to other section 2-1401 petitions. *Id.* at 104.

As stated by our supreme court:

"In order to have a valid judgment the court must have both jurisdiction over the subject matter of the litigation and jurisdiction over the parties. [Citation.] Personal jurisdiction may be acquired either by the party's making a general appearance or by service of process as statutorily directed. [Citation.] A judgment rendered by a court which fails to acquire jurisdiction over the parties is void and may be attacked and vacated at any time, either directly or collaterally. [Citations.]" *In re Marriage of Verdung*, 126 Ill. 2d 542, 547 (1989).

However, even if we assume that the judgment was void, the analysis does not end there. Rather, the dispositive question is whether Szczurek was a *bona fide* purchaser. Where the rights of innocent third-party purchasers have attached, a judgment can be collaterally attacked only where an alleged personal jurisdictional defect affirmatively appears in the record. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 312-13 (1986) (citing Ill. Rev. Stat. 1981, ch. 110, ¶ 2-1401(e) (now 735 ILCS 5/2-1401(e) (West 2018))). Section 2-1401(e) provides in pertinent part:

"Unless lack of jurisdiction *affirmatively appears from the record proper*, the vacation or modification of an order or judgment pursuant to the provisions of this Section does not affect the right, title or interest in or to any real or personal property of any person, not a party to the original action, acquired for value after the entry of the order or judgment but before the filing of the petition, nor affect any right of any person not a party to the original action under any certificate of sale issued before the filing of the

petition, pursuant to a sale based on the order or judgment." (Emphasis added.) 735 ILCS 5/2-1401(e) (West 2018).

¶ 23    In determining whether a lack of jurisdiction is apparent from the record, we must look to the whole record, which includes the pleadings, the return on the process, and the judgment of the court. *Thill*, 113 Ill. 2d at 313. A lack of jurisdiction is apparent from the record if it does not require inquiry beyond the face of the record. *Id.* at 314. Strict compliance with the statutes governing the service of process is required before a court will acquire personal jurisdiction over the person served. *Sarkissian*, 201 Ill. 2d at 109.

¶ 24    Defendant contends that the lack of jurisdiction due to the service defect is apparent on the face of the record, citing section 2-202(a) of the Code (735 ILCS 5/2-202(a) (West 2006)), which governs service of summons. At the time defendant was served, section 2-202(a) provided, in pertinent part, that service in a county with a population of one million or more required a court-appointed special process server if service was not provided by a sheriff.[1] *Id.* Defendant argues that service of process occurred in Cook County, without the court appointing a special process server to serve process in Cook County, and that, therefore, personal jurisdiction was never established. To establish that service took place in Cook County, defendant points to the special-process-server affidavit.

¶ 25    The special-process-server affidavit shows that substitute service of the summons and the complaint was made on defendant at 1656 S. Central Park Avenue in Chicago, 60623. However, the affidavit does not indicate whether defendant was served in Cook or Du Page County. Thus, the affidavit does not establish a jurisdictional defect on its face. Therefore, we reject defendant's argument that the record affirmatively shows that service took place in Cook County. See *National Ass'n v. Rahman*, 2016 IL App (2d) 150040, ¶¶ 19, 38-39 (this court rejected the defendant's argument that the summons showed that service took place in Cook County, because the address at which defendant was served had portions in both Du Page and Cook counties).

¶ 26    Defendant contends that the zip code 60623, as indicated on the special-process-server affidavit, exists entirely within the borders of Cook County. Defendant further asserts that, because the zip code is in Cook County, a lack of jurisdiction is apparent on the face of the record. To support his argument, defendant cites a map of the area within the zip code, which shows that it is within Cook County. Defendant's citation to the map defeats his argument; it leads us beyond the face of the record. See *Thill*, 113 Ill. 2d at 314; see also *Rahman*, 2016 IL App (2d) 150040, ¶ 39 ("[I]t was impossible to determine in which county service occurred from the face of the special service affidavit—outside materials were necessary.").

¶ 27    Defendant urges us to take judicial notice that the zip code 60623 exists within Cook County. Generally, courts may take judicial notice of facts that are commonly known or readily verifiable from sources of indisputable accuracy. *Murdy v. Edgar*, 103 Ill. 2d 384, 394 (1984). Here, however, the information defendant offers is not appropriate for judicial notice. Defendant fails to recognize that the "lack of jurisdiction [must] affirmatively [appear] from the record proper." See 735 ILCS 5/2-1401(e) (West 2018). By asking us to take judicial notice that 60623 lies in Cook County, defendant goes beyond the face of the record to establish a

_____

[1]In 2010, the legislature amended section 2-202(a) to allow special service without a court appointment in a county with a population of less than two million. Pub. Act 96-1451, § 5 (eff. Aug. 20, 2010) (amending 735 ILCS 5/2-202(a)).

defect in service and thus we reject defendant's request. The affidavit of service itself would lead a reasonably prudent purchaser to conclude that service was proper. There is nothing on the face of the affidavit to suggest that the process server was unauthorized to serve process, contrary to the assertion in the affidavit. Because the jurisdictional defect does not affirmatively appear on the face of the record, section 2-1401(e) protects Szczurek's rights in the property.

¶ 28 Defendant argues that the *bona fide* purchaser protections under section 2-1401(e) do not apply to MERS and Ocwen, because they were not the purchasers of the property. "The law measures *bona fide* purchasers and mortgagees under the same standards." *US Bank National Ass'n v. Villasenor*, 2012 IL App (1st) 120061, ¶ 58. A mortgage of realty is afforded the same protections as a *bona fide* purchaser if the mortgage is supported by consideration and secured in good faith, without knowledge or notice of adverse claims. *Life Savings & Loan Ass'n of America v. Bryant*, 125 Ill. App. 3d 1012, 1019 (1984); see also *In re Ehrlich*, 59 B.R. 646, 649-50 (Bankr. N.D. Ill. 1986).

¶ 29 Here, the record indicates that MERS was in the same position as Szczurek. MERS's mortgage was supported by consideration and secured in good faith before the petition was filed. Therefore, MERS was entitled to *bona fide*-purchaser status and the protections afforded by section 2-1401(e), as the trial court determined. Further, as to Ocwen, as successor in interest to Chase Bank, defendant's mortgagee, it was entitled to protection, because the void judgment would not "affect any right of any person not a party to the original action under any certificate of sale issued before the filing of the petition, pursuant to a sale based on the order or judgment." 735 ILCS 5/2-1401(e) (West 2018). Accordingly, the trial court properly dismissed defendant's petition against all four third-party defendants, based upon section 2-1401(e)'s *bona fide* purchaser protections.[2]

¶ 30 Third-party defendants argue that defendant's petition should have been barred by *laches*. *Laches* is an affirmative defense that is equitable, and it requires the party raising it to show that there was an unreasonable delay in bringing an action and that the delay caused prejudice. *Rahman*, 2016 IL App (2d) 150040, ¶ 44. Defendant argues that *laches* does not apply when a judgment is void, because a void judgment may be attacked at any time. Although we need not address the merits as to whether *laches* applies here, we note that there were two subsequent sales of the property to *bona fide* purchasers (BFP). Defendant implies that there is no limit to the number of transfers of title that a present BFP must examine to determine if a void order was entered in proceedings that did not directly result in the transfer to the present BFP. There are already equitable exceptions for granting relief from a void judgment, including the one that was the basis for the denial of relief in this case. See *West Suburban Bank v. Advantage Financial Partners, LLC*, 2014 IL App (2d) 131146, ¶¶ 26-27 (discussing *laches* in the context of mortgage foreclosures). Although we do not determine if *laches* applies to this case, we agree with the court in *West Suburban* that *laches* can preclude relief in an appropriate case where prejudice is demonstrated.

---

[2]We note that Szczurek filed a motion to dismiss this appeal as moot, based on section 13-107.1 of the Code (735 ILCS 5/13-107.1 (West 2018) (providing that any action to recover real property following a foreclosure sale must be brought within two years after possession of the property is taken by the buyer at the time of sale)). We deny Szczurek's motion as moot, because to determine the merits of the motion we had to determine the merits of the case.

¶ 31       For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 32                             III. CONCLUSION
¶ 33       The judgment of the circuit court of Du Page County is affirmed.

¶ 34       Affirmed.