2020 IL App (2d) 190728-U
No. 2-19-0728
Order entered November 20, 2020

NOTICE: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DEUTSCHE BANK, NATIONAL TRUST CO., As Trustee, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 2011-CH-0051 |
| ERIC GOMEZ AND GUADALUPE CORTEZ DE GOMEZ, | ) ) ) | |
| Defendants | ) ) ) | |
| (Guadalupe Cortez De Gomez, Defendant-Appellant; Deutsche Bank National Trust Company, as Trustee; Mortgage Electronic Registration Systems, Inc.; Ruben Rivera, Glenda L. Perez; Bank of America; Countryside Bank f/k/a/ State Bank of Countryside; William Carey d/b/a Lakeside Builders; Genesis 1, LLC; Lincolnway Community Bank; and Exodus 1, LLC., Third-Party Defendants-Appellees). | ) ) ) ) ) ) ) ) ) ) ) | Honorable Paul M. Fullerton Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Jorgensen and Bridges concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Although a foreclosure summons was defective on its face, the trial court properly dismissed defendant's section 2-1401 motion to vacate an allegedly void judgment because defendant's petition was barred by *laches*. Trial court affirmed.

¶ 2     In January 2011, plaintiff, Deutsche Bank National Trust Company (Bank), filed a foreclosure action against defendant, Guadalupe Cortez De Gomez, concerning property in Wood Dale. Defendant was served. In August 2012 the court entered a default judgment of foreclosure and the property was sold through a judicial sale. Eventually Ruben Rivera and Glenda Perez (the purchasers) purchased the property.

¶ 3     More than seven years after the filing of the foreclosure action, defendant filed a petition for relief from void judgment pursuant to section 2-1401(f) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2016)), arguing that all orders entered against her in the foreclosure action were void because she was not named on the summons and, therefore, the court lacked personal jurisdiction over her. The Bank moved to dismiss the petition pursuant to section 2-619.1 of the Code (*id*. at § 2-619.1), as did Rivera and Ruben, their mortgagee, Guaranteed Rate, Inc. (Guaranteed), and Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Guaranteed.[1]  The trial court granted the motions to dismiss. Defendant appeals. For the following reasons, we affirm.

¶ 4                                 I. BACKGROUND

---

[1] Deutsche Bank submitted the successful bid at the judicial sale. In July 2014 Deutsche Bank sold the property to Genesis 1, LLC (Genesis). In February 2015 Rivera and Perez purchased the property from Genesis and financed the purchase with a loan from Guaranteed. As security for the loan, Rivera and Perez pledged a mortgage lien interest in the property to MERS, as nominee for Guaranteed.

¶ 5     On January 5, 2011, the Bank filed a foreclosure complaint against defendant. The property was commonly known as 439 N. Cedar Ave., Wood Dale, Illinois, 60191. The Bank named defendant in the complaint as owner and mortgagor of the property. The Bank served its complaint through a summons bearing the caption reading in its entirety: "Deutsche Bank National Trust Company vs. Eric Gomez, *et al*." Eric Gomez was defendant's husband. Attached to the summons was a page stating:

> "PLEASE SERVE THE FOLLOWING DEFENDANTS AT THE FOLLOWING ADDRESSES:
>
> Eric Gomez (0201), 439 N. Cedar Avenue, Wood Dale, IL 60191 (DuPage)
>
> Guadalupe Cortez De Gomez a/k/a Guadalupe C. De Gomez a/k/a Guadalupe C. De Gomez (0301), 439 N. Cedar Avenue, Wood Dale, IL 60191 (Du Page)"

¶ 6     On January 8, 2011, defendant and Eric Gomez were served with summons and the complaint. Eric accepted substitute service on behalf of defendant. Eric appeared at a May 6, 2011, judgment hearing and obtained a continuance. Thereafter the case was continued for nearly a year to facilitate attempts at loss mitigation. However, neither defendant nor Eric filed appearances nor answers during the proceedings. Loss mitigation efforts failed and the Bank sought a default judgment.

¶ 7     On August 17, 2012, the trial court entered a default judgment against, *inter alios*, defendant, for failure to appear or plead and entered a judgment of foreclosure.[2] On December 10,

---

[2] At the time of the judgment, defendant and Eric owed approximately $538,000. The foreclosure judgment released defendant from that indebtedness. The Bank did not seek a personal deficiency judgment against defendant. However, a personal deficiency judgment was entered

2013, the property was sold at a judicial sale with the Bank being the successful bidder. On January 14, 2014, the court entered an order confirming the judicial sale. Subsequently, the property changed hands three times.[3] In July 2014, the Bank sold the property to Genesis. On February 18, 2015, Rivera and Perez purchased the property from Genesis. They financed their purchase, in part, with a loan from Guaranteed. As security for the loan, Rivera and Perez delivered a mortgage lien interest in the property to MERS, as nominee for Guaranteed.

¶ 8      On September 14, 2018, defendant filed her petition to vacate the judgment of foreclosure and sale, pursuant to section 2-1401(f) of the Code. Defendant argued that the judgment was void because the court "did not acquire personal jurisdiction over [her] because the summons did not comply with Illinois Supreme Court Rules in that it did not name [her] on its face and it was not directed to [her] and did not identify Plaintiffs or Defendants. *** The lack of jurisdiction was apparent on the face of the record." Defendant asked the court to, *inter alia*, (1) quash service for defendant; (2) vacate all orders and judgments entered in the case as void *ab initio*; (3) find that the lack of personal jurisdiction was apparent on the face of the record; (4) find that defendant was the owner of the property; (5) restore possession of the property and order restitution for reasonable use and occupancy of the property, from February 2014 through and including the date defendant

_____

against Eric in the sum of $212,355.07.

[3] On April 23, 2014, a release from State Bank of Countryside to William J. Carey, DBA, Lakeside Builders was recorded in the Du Page County Recorder's Office. On July 23, 2014, a special warranty deed from the Bank to Genesis, was recorded. On the same day a mortgage from Genesis, to Lincolnway Community Bank was recorded. On August 5, 2014, a quitclaim deed from Exodus 1 LLC to Genesis was recorded.

is restored to possession from the Bank, unknown occupants, William J. Carey d/b/a Lakeside Builders, Genesis, Ruben Rivers, and Glenda Perez; (6) if possession cannot be restored, order the aforementioned parties to pay as restitution the value of the property on the date that the petition is granted plus reasonable use occupancy of the property from February 2014 through and including the date that restitution is paid in full; and (7) grant defendant restitution of all profits derived from the property from the aforementioned parties.

¶ 9      The Bank filed a combined motion to dismiss pursuant to a section 2-619.1 of the Code, arguing that (1) defendant's petition was deficient in that it failed to plead sufficient facts to support the petition and failed to attach the summons upon which the petition was based; (2) the summons was legally sufficient to confer personal jurisdiction; (3) defendant's petition was moot because: (a) defendant failed to establish she had any current rights or interest in the property, and (b) there was no jurisdictional defect on the face of the record to support displacing the *bona fide* purchasers; (4) defendant's petition was barred on the equitable doctrine of *laches*; and (5) the foreclosure action remained effective against the remaining parties even if jurisdiction had not been established for defendant.

¶ 10     Rivers and Perez also filed a combined motion to dismiss pursuant to section 2-619.1, which was later adopted by MERS (hereinafter, we refer to Rivers, Perez, and MERS, collectively, as "the purchasers"). They argued (1) the summons was jurisdictionally sufficient, (2) they were entitled to the protections of section 2-1401(e) of the Code as *bona fide* purchasers, (3) *laches* barred defendant's claim, (4) any alleged lack of jurisdiction over defendant did not impact the orders entered against the other defendants, and (5) defendant's petition sought improper relief.

¶ 11     On July 24, 2019, after hearing argument, the trial court granted both motions to dismiss with prejudice, determining that the alleged error regarding the summons was a technical error in

the format of the summons, and thus, such error did not deprive the court of personal jurisdiction of defendant pursuant to section 2-201(c) of the Code (*id*. at § 2-201(c)). The court also determined that the purchasers were protected as *bona fide* purchasers under section 2-1401(e) of the Code, and that *laches* was "a defense that can be raised." Defendant filed her notice of appeal on August 23, 2019.

¶ 12                                    II. ANALYSIS

¶ 13                                 A. Motion to Dismiss

¶ 14    Preliminarily, we note that, similar to the posture below, the Bank on appeal filed a response brief, while the purchasers filed a separate response brief. In addition, the purchasers, in a motion that we ordered taken with the case, have moved to dismiss the appeal. They argue, in sum, that this appeal is moot because, pursuant to sections 13-107.1 and 13-109.1 of the Code (735 ILCS 5/13-107.1, 13-109.1 (West 2018)), Rivera and Perez have also acquired title to the premises through adverse possession and, therefore, their interest in the property would not be affected by vacating the foreclosure orders.

¶ 15    We deny the motion to dismiss the appeal as moot. We faced almost identical motions in *PNC Bank, National Ass'n v. Kusmierz*, 2020 IL App (2d) 190521, *JP Morgan Chase Bank, N.A. v. Robinson*, 2020 IL App (2d) 190275, and *Bank of New York v. Rodriguez*, 2020 IL App (2d) 190143, and denied each, noting, in *Robinson*, that to rule on the merits of the motion, we had to rule on the merits of the case. *Robinson*, 2020 IL App (2d) 190143, ¶ 29, n.2.

¶ 16                                B. Standard of Review

¶ 17    Defendant appeals the dismissal of her petition. For the following reasons, we conclude that dismissal was proper under section 2-619(a)(9) of the Code, which permits dismissal of an action where "the claim asserted against defendant is barred by other affirmative matter avoiding

the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2018). We review *de novo* the dismissal of a complaint pursuant to section 2-619(a)(9). *McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL 123626, ¶ 17. We also review *de novo* a judgment on a section 2-1401 petition claiming voidness due to a lack of personal jurisdiction. *Deutsche Bank National Trust Co. v. Hall-Pilate*, 2011 IL App (1st) 102632, ¶ 12.

¶ 18                                   B. Dismissal of Petition

¶ 19    Defendant argues that the foreclosure court lacked personal jurisdiction over her and the trial court erred by dismissing her petition to vacate. Defendant contends that the summons violated Illinois Supreme Court Rules because it did not name her. Therefore, according to defendant, section 2-1401(e)'s *bona fide*-purchaser protections and *laches* do not apply.

¶ 20    Supreme court rule 101(a) requires, in part, that a summons to "be directed to each defendant." S. Ct. Rule 101(a) (eff. July 17, 2020). Our supreme court has further stated that "a summons which does not name a person on its face and notify him to appear, is no summons at all, so far as the unnamed person is concerned." *Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange of the Illinois Automobile Club*, 367 Ill. 44, 56 (1937). In *Arch Bay Holdings, LLC-Series 2010B v. Perez*, 2015 IL App (2d) 141117, we held that a summons that failed to list a defendant on its face was fatally defective.

¶ 21    Here, the record clearly shows that the summons was improper as to defendant. The summons failed to name defendant on its face and thus, under the authority cited above, was no summons at all. However, this is not cause for reversal. Although the trial court did not rely on *laches* as its basis for dismissal, we may affirm a dismissal on any basis in the record regardless of the basis relied upon by the trial court. See *Wofford v. Tracy*, 2015 IL App (2d) 141220, ¶ 27.

¶ 22    Defendant argues, essentially, that *laches* does not apply because a void judgment may be attacked at any time. The purchasers and Deutsche Bank argue that *laches* applies to defendant's petition seeking relief from an alleged void judgment. After reviewing the arguments of the parties and the record, we conclude that dismissal was proper on the basis of *laches*.

¶ 23    *Laches* is an affirmative defense that is equitable and requires the party raising it to show that there was an unreasonable delay in bringing an action and that the delay caused prejudice. *Bank United, National Ass'n v. Giusti*, 2020 IL App (2d) 190522, ¶ 39. We acknowledge that void judgments can be attacked at any time and that section 2-1401 petitions alleging void judgments are not subject to that section's ordinary time restrictions. *PNC Bank, National Ass'n v. Kusmierz*, 2020 IL App (2d) 190521, ¶ 31. However, although void judgments may be attacked at any time, in *JPMorgan Chase Bank, N.A. v. Robinson*, 2020 IL App (2d) 190275, we noted that *laches* "can preclude relief in an appropriate case where prejudice is demonstrated." *Id*. ¶ 30. We also noted that, although it may be a "curious argument" to assert that *laches* bars bringing a jurisdictional challenge, nevertheless, "[i]n some circumstances, *laches* [has] been held to interpose a limit on when a void judgment may be collaterally attacked." *West Suburban Bank v. Advantage Financial Partners, LLC*, 2014 IL App (2d) 131146, ¶ 26 (citing *James v. Frantz*, 21 Ill. 2d 377, 383 (1961); *Eckberg v. Benso*, 182 Ill. App. 3d 126, 131-32, (1989); *In re Adoption of Miller*, 106 Ill. App. 3d 1025, 1030 (1982); *Rodriguez v. Koschny*, 57 Ill. App. 3d 355, 361 (1978)).

¶ 24    In *Kusmierz*, we held that *laches* barred the defendants' 2-1401 petition alleging a void judgment based on improper service because the plaintiff had established both a lack of due diligence in bringing the petition and prejudice caused such delay. *Kusmierz*, 2020 IL App (2d) 190521, ¶ 33. There, the defendants waited approximately six years after the default judgment had been entered to file their section 2-1401 petition. Similarly, in *Federal National Mortgage Ass'n*

*v. Altamirano*, 2020 IL App (2d) 190198, we held that laches barred the defendants' 2-1401 petition based on an alleged void judgment due a defective summons. *Id*. ¶ 28. There, the defendant filed their petition eight years after being served and over six years after being evicted from the property. *Id*. ¶ 16.

¶ 25     We are not the first court to determine that *laches* may be applied, even where the issue is concerning defective service and allegedly void orders. See, *e.g.*, *Slatens Property v. Hassler*, 53 Ill. 2d 325, 329-30 (1973) (noting that the defense of laches is "dependent upon the facts of each case" and "[w]hen the facts indicate that it would be inequitable to allow a party to assert title, *[l]aches* will bar this right even within the statutory period of limitation."); *In Re Jamari*, 2017 Ill. App. (1st) 160850, ¶ 55 (quoting *Rodriguez*, 57 Ill. App. 3d at 361-62) (" 'Illinois cases recognize that even if service of process is defective an attack on a decree may be barred by *laches*. [Citation.] It is a basic to the *laches* doctrine that a complainant may be barred when, after ascertaining the facts, he [or she] fails promptly to seek redress' ")); *National Bank v. Dubin Residential Communities*, 337 Ill. App. 3d 345, 350-51 (2003) ("*Laches* is a defense that is asserted against a party who has knowingly slept upon his [or her] rights and acquiesced for a great length of time, and its existence depends upon whether, under all the circumstances of a particular case, a party is chargeable with want of due diligence and failing to institute proceedings before he or she did"; moreover, "[w]hether the defense of *laches* is available is to be determined upon the facts and circumstances of each case"); *Eckberg v. Benso*, 182 Ill. App. 3d 126, 131 (1989) ("Illinois courts have applied this [*laches*] doctrine to bar claims that a decree is void for defective service of process despite contrary arguments that such a jurisdictional claim may be brought at any time."); *Miller v. Bloomberg*, 60 Ill. App. 3d 362, 365 (1978) (noting that a void decree may be attacked at any time, "although the equitable defense of *laches* may be interposed"). Thus, in light of the

foregoing precedent, defendant's position that, under no circumstances, may *laches* apply to this case is simply not persuasive.

¶ 26    We also reject defendant's contention that *laches* may bar a challenge to an alleged void judgment only "where special concerns were at issue." To support her argument, defendant cites *Pyle*, 12 Ill. 2d 547, (noting that *laches* barred a claim regarding mineral and oil property rights), and *Jamari R.*, 2017 IL App (1st) 160850 (noting that *laches* barred a claim alleging a void order due to defective service related to an adoption). However, the cases cited by defendant do not limit the application of *laches* to any particular set of facts. Further, despite arguments that a claim attacking a void judgment may be brought at any time, Illinois courts have applied the doctrine of *laches* to bar such claims without language limiting its application to "special concerns." See, *e.g.*, *James*, 21 Ill. 2d 377, 383 (1961); *Rodriguez*, 57 Ill. App. 3d 355, 361 (1978); *Miller*, 106 Ill. App. 3d at 1030.

¶ 27    The doctrine of *laches* is founded on the maxim that equity aids the vigilant and not those who slumber on their rights. See *Pyle*, 12 Ill. 2d at 552; *Wooded Shores Property Owners Ass'n, Inc. v. Mathews*, 37 Ill. App. 3d 334, 338 (1976). *Laches* is principally based on the inequity of permitting a right to be enforced, an inequity founded upon some change in the condition or relation of the property and the parties. *Id*. Thus, where there is such a change as to make it inequitable to grant relief, it will be refused. *Id*. "*Laches* is, therefore, such neglect or omission to assert a right, taken in conjunction with a lapse of time of more or less duration and other circumstances causing prejudice to an adverse party, as will operate to bar relief in equity." *Id*. It follows that to establish *laches* a party must show (1) a lack of due diligence by the party asserting a claim, and (2) prejudice to the party asserting laches. *Id*.

¶ 28    Here, the purchasers, and the Bank argue that both elements of *laches* are satisfied. We

agree. Defendant does not argue that she was not served or had no knowledge of the foreclosure action. Indeed, it is undisputed that defendant was served with the complaint and defective summons on January 8, 2011. Yet, defendant did nothing about the allegedly defective summons until filing her section 2-1401 petition more than seven and one-half years later. This unreasonable delay allowed defendant to claim increased damages if she were allowed to enforce the benefits of the mortgage contract without having to be responsible for her burdens. Returning the parties to the status quo ante would entail the resurrection and enforcement of the mortgage contract. Defendant might be liable for greater damages as a result of reinstating title and the contract. Nevertheless, based upon the relief sought, the purchasers and the Bank are clearly prejudiced. Further, while defendant waited to file her petition, the purchasers paid taxes on the property and made improvements on the property. See *Pyle*, 12 Ill. 2d at 555 (the rule of *laches* applies where a party "remains passive while an adverse claimant incurs risk, enters into obligations, or makes expenditures for improvements or taxes").

¶ 29     In addition, defendant seeks against the purchasers and the Bank, possession of the property, restitution for use and occupancy of the property, and profits from the sale of the property. However, defendant was served with the complaint and summons (Eric in person and defendant via substitute service), notifying them that their interest in the property was in jeopardy, more than seven years prior to filing defendant's section 2-1401 petition. For over seven years, defendant did nothing to protect her rights in the property and, had she participated in court proceedings, she might have brought to the court's attention the defect in the summons. Again, defendant does not dispute receiving service or that constructive notice of the property, via recording of deeds and the purchasers' payment of real estate taxes, would impute knowledge upon her. Nevertheless, she did not bring this cause of action until more than seven years and three

transfers of title later. To permit relief against the purchasers and the Bank at this late juncture and under these circumstances, would be inequitable, as they have no ability to recover the property and, depending on statutes of limitations issues, may have no recourse against other parties or counsel. Further, there is nothing suggesting that defendant's delay in bringing this action was reasonable. Accordingly, granting the relief sought by defendant would prejudice the purchasers and the Bank and award defendant a windfall. Thus, *laches* applies to bar defendant relief and the trial court properly dismissed her 2-1401 petition.

¶ 30     Defendant argues that *laches* cannot apply because the purchasers and the Bank have "unclean hands." The doctrine of "unclean hands" is an equitable doctrine that precludes a party from taking advantage of its own wrong. *Jameson Real Estate, LLC v. Ahmed*, 2018 IL App (1st) 171534, ¶ 83. The doctrine applies only when the party's misconduct rises to a level of fraud or bad faith. *Id*. To determine whether a party acted with unclean hands, the court must look to the intent of that party. *Thompson Learning, Inc. v. Olympia Properties, LLC*, 365 Ill. App. 3d 621, 634 (2006).

¶ 31     Here, defendant contends that the purchasers had constructive notice of the void orders against defendant and profited from the entry of the void orders when they took title to and interests in the property. Similarly, defendant contends that the Bank took advantage of the void orders against defendant by selling the property and profiting from the sale after it represented that the foreclosure had been proper. However, defendant does not establish or even contend that the purchasers and the Bank acted with knowledge that the summons was improper. Because defendant failed to present any evidence to show any intent of fraud or bad faith on the part of the purchasers and the Bank, defendant's assertion of unclean hands must fail. See *Schivarelli v. Chicago Transit Authority*, 355 Ill. App. 3d 93, 103 (2005).

¶ 32    We also note that defendant's demand for money damages in the form of restitution and rent in her 2-1401 petition is inappropriate. Section 2-1401 of the Code provides a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment. *Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶ 31. The purpose of a 2-1401 petition is to bring to the attention of the court facts not of record that, if known by the court at the time of judgment, would not have been rendered. *Kulhavy v. Burlington Northern Sante Fe R.R.*, 337 App. 3d 510, 516 (2003). Thus, defendant's claim for money damages are not cognizable in her 2-1401 petition, which is a collateral attack on the previous judgments rendered in the foreclosure proceeding. See *Burchett v. Goncher*, 235 Ill. App. 3d 1091, 1098 (1991).

¶ 33    For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 34                                   III. CONCLUSION

¶ 35    The judgment of the circuit court of Du Page County is affirmed.

¶ 36    Affirmed.